# Green v. Stephens, *et al.*

## Ejectment.

(Decided December 21, 1916. 3 South. 532.)

1. **Taxation; Confirming Title; Defenses.**—Under § 2312, Code 1907, it is immaterial that the purchaser holds a valid tax title, or that the period for other methods of redemption has expired.

2. **Same; Motion to Pay Taxes.**—A motion made under § 2313, Code 1907, which substantially follows the language of the statute is sufficient.

3. **Same; Redemption; Who May Redeem.**—Where the plaintiff in eject‑ ment claims under tax title and sues the tenants in possession the landlord may intervene and tender the amount required under § 2312 and recover the land.

4. **Same; Confirming Title.**—In an action of ejectment, where the owner offered to redeem under § 2312, Code 190, the court should ascertain whether the tax proceeding was taken against the owner or his predecessors, unless the plaintiff disclaims any interest in the land under the tax title.

5. **Same; Burden of Proof.**—In ejectment where the defendant owner seeks to redeem and recover the land pursuant to § 2312, Code 1907, such owner has the burden of proving that the tax proceeding was taken against him or his predecessors.

6. **Appeal and Error; Review; Immaterial Evidence.**—The court will not review on appeal rulings on immaterial testimony.

7. **Taxation; Action by Purchaser; Redemption; Ascertaining Amount.**— Although the amount necessary for redemption from tax sale under § 2312, Code 1907, should be ascertained by the judge, no harmful error intervenes because the jury assessed the damages; their verdict being entered upon the trial docket where the court entered the judgment for the same amount but made no mention of the verdict.

8. **Appeal and Error; Record; Conclusiveness.**—A judgment determines conclusively what the court did and cannot be varied by a bill of exceptions.

9. **Taxation; Redemption; Jury Trial.**—Under § 2312, Code 1907, the rights of the parties and the amount necessary to redeem should be deter‑ mined by the judge and not by a jury.

(Anderson, C. J., and McClellan and Gardner, JJ., dissent in part.)

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by A. B. Green against Marshall L. Stephens and others, in which John F. and Charles F. Fugazzi intervened as parties defendant. Judgment allowing redemption by interven‑ ing defendants, and plaintiff appeals. Affirmed.

The motion is as follows:

[Green v. Stephens, et al.]

Now comes defendants, John F. and Charles F. Fugassi, and shows unto the court that plaintiff claims title to the land as described in the complaint under and by virtue of a tax sale, and that they were the owners of said land at the time of said tax sale, and they move the court to ascertain the amount paid by the purchaser at the sale for taxes, and of the taxes subsequently paid by the purchaser, together with 25 per centum per annum thereon, and a reasonable attorney's fee for plaintiff's attorney for bringing the suit, and that the judgment for the amount so ascertained be rendered in favor of plaintiff, and that the judgment be declared a lien on said land against defendant, and that upon the payment of said amount into court as provided for under section 2312, Code 1907, judgment be rendered for said land, and that defendant be given the benefit of said section.

Plaintiff's motion to strike this motion sets up that the time has expired for redemption, and that it shows on its face that the parties are not entitled to the benefit of the statute referred to, and that the motion came too late.

E. O. McCord, for appellant. Davis & Baker, Hunt & Wolfes, M. W. Howard and Luke P. Hunt, for appellees.

SAYRE, J.—Statutory action in the nature of ejectment. Plaintiff, who claimed under a purchaser at tax sale, brought his action against Stephens, the terre tenant, within 3 years of the date when the purchaser became entitled to a deed to the premises, and about 14 months after the probate judge had executed a deed to plaintiff's vendor. The record shows that John and Charles Fugazzi, the owners of the property at the time of the tax sale and landlords under whom Stephens held, came in and were made parties defendant according to the provision of section 3844 of the Code. The substituted defendants then made à motion as permitted by section 2312 of the Code, after which the cause proceeded to judgment as prescribed by the last-mentioned section.

(1) The provisions of this section appeared for the first time in the Code of 1907. Its language is plain and its purpose to a certain extent too obvious to be mistaken. It arms the owner whose land has been sold for taxes with a right of redemption in addition to and different from that previously extended to defaulting taxpayers. The right is created with a view to its exercise in cases where valid tax titles have been made, and the origi-

[Green v. Stephens, et al.]

nal owner remains in possession; but where an owner whose property has been sold is sued for possession and avails himself of the benefit of the section, he conceded necessarily the validity of the tax title under which the plaintiff claims, and prays relief, that title to the contrary notwithstanding. By way of compensation the plaintiff must then recover the amount paid at the tax sale and all taxes subsequently paid, together with 25 per centum per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the suit. No method of interpretation, by reference to other sections of the Code or the hardship of the particular case, can lead to any other conclusion. Section 2303, upon which appellant lays some stress, simply authorizes the state or any other purchaser of lands at a tax sale, or any one claiming under him, to maintain an action after the expiration of six months from the day of sale. Sections 2305 and 2306 provides for the reimbursement of purchasers in cases where their titles fail. But, as we have indicated, when the owner in an action brought against him invokes section 2312, the validity vel non of the tax title upon which the plaintiff relies is immaterial. The section creates a new right, and to construe it otherwise than according to its plain letter would destroy its efficacy in every respect. Indeed, appellant's argument comes to nothing less than this, that the section should be eradicated from the Code because its policy is bad and because another method of redemption had been provided. We have no power to change the policy shown by the clear language of the statute; but it may be observed that if the owner fails to avail himself of the other mode of redemption and waits until he is sued, the burden of redemption is increased by the addition of an attorney's fee and interest at a rate of 10 per centum in excess of that required where resort is had to the other method. Appellant suggests that he paid for his deed from the original purchaser largely more than the amount bid at the tax sale and more than the compensation awarded him by the statute. The obvious answer is that, conclusively as matter of necessary law, he knew section 2312, though in fact it may have been one of the secrets of a voluminous Code, knew that the right of defendants under the section might be asserted whenever, within the time prescribed, he might bring suit to enforce his title, and acquired his title subject to that right. Otherwise the purchaser at a tax sale might at once thwart the entire purpose of the new law by assigning his title immediately after purchase.

(2) The motion was sufficient in form and substance. It followed the language of the statute conferring the right. In strictness it was not a plea; it was a concession of plaintiff's title under his tax deed and a suggestion that the court ascertain the amount upon payment of which plaintiff should be divested of that title; it was, in effect, a proceeding to redeem.

(3) We perceive no good reason for doubting that appellees, as substitutionary defendants in the court below, were entitled to the privilege of the statute. Plaintiff's suit was brought of necessity against the terre tenant, but the attack was upon the title of defendants under whom the tenant held possession; and upon their coming in, they became defendants for all the purposes of the suit.

(4, 5) Defendants having offered to redeem under section 2312, it devolved upon the court to ascertain the applicability of that section to the case in hand. Plaintiff knew the title by which he claimed, and if he denied the right of defendants to redeem in the manner proposed, he should have been required to disclaim title under any tax proceeding against defendants or those under whom they claimed. Such disclaimer would have been conclusive for all purposes of the case in hand, and would have required that the cause proceed to trial in the usual course of ejectment suits; plaintiff being remitted to proof of title from some other source. It was necessary also for the purposes of the special proceeding set on foot by the motion that the court should ascertain that the tax proceeding had been taken against defendants, or those under whom they claimed, as owners, and and as to this the burden of proof rested upon defendants. The section makes no provision for this procedure beyond the motion; but it is necessary in order to give effect to the right conferred. In the case before us no question appears to have been raised except by the motion to strike and the demurrer which were directed against the motion or offer to redeem. The court heard evidence offered by the defendants in support of their right to redeem, and this was proper, since their right was denied. This evidence was without conflict.

(6-8) Some exceptions were reserved to the admission of testimony offered by defendants for the purpose of showing irregularities in the assessment. This testimony was irrelevant and immaterial, according to our view of the law, and the rulings will not be reviewed. Nor can we say that there was error in

[Green v. Stephens, et al.]

the manner of assessing the compensation to be paid to plaintiff or in the amount at which the court arrived. It appears from the bill of exceptions that the question as to amount was submitted to the jury, and the court made an entry upon the docket showing a verdict in agreement with the judgment afterwards rendered; but in the judgment itself there is no recital of the verdict. The judgment does not appear to proceed upon the verdict. The indication is that in the end the trial court construed the statute as we have found it to be, and the presumption is that the court, having heard the evidence, reached the proper conclusion. This conclusion was well sustained by the evidence, addressed in contemplation of law, if not in fact, to the court, to which the jury was, for the purposes of the case as presented, a useless appendage. The fact that the jury took the same view of the effect of the evidence as did the court raises no presumption of error on the part of the court. The judgment determines conclusively what the court did, and, in respect of the procedure followed, is beyond the reach of modification, change, or review, by reference to the bill of exceptions. That the court noted the verdict upon the trial docket is a matter of no consequence whatever.

(9) As we have said, the trial court's last consideration of the procedure appears to have resulted in the conclusion that there was no question for the jury. This was correct. Section 2312 provides that "the court shall, on motion of the defendant, made at any time before the day set for the trial of the cause, ascertain the amount paid by the purchaser at the sale," and so on. The word "court," considered without reference to qualifying context, may mean the presiding judge, as contradistinguished from the jury, or it may mean the tribunal composed of judge and jury. This court said at one time that it was the general policy of the state to submit all issues of fact in courts of law to the verdict of a jury, though no jury be demandable under the Constitution; but the application of this principle to cases in which new rights are conferred by statute has always been affected by consideration of the nature of the subject-matter and the context afforded by cognate statutes.—*Huntsville v. Pulley,* 187 Ala. 367, 65 South. 405. At the present time it is required that all civil cases at law shall be tried and determined by the court without a jury, unless a jury be seasonably demanded by one of the parties.—Acts 1915, p. 824. This act indicates a change of policy; but without reference to it, since it postdates

section 2312, it must be noted that the rights of the parties on a motion to redeem and the constituent elements of the compensation to be awarded are of such sort that they can be most appropriately submitted to the court for determination without a jury; and it is of peculiar significance that the requirement of a jury was omitted when section 4083 of the Code of 1896 was revised for transcription into the Code of 1907, where it now appears as section 2305, affording a remedy closely cognate to that given by section 2312. It cannot be supposed that the omission was the result of a mere effort to codify, without changing, the previous law. It was material to the sense and operation of the remedy given, and from this omission and the nature of the subject-matter the reasonable inference is that there was the intention on the part of the Legislature for the future to leave the matter to the court without a jury. Section 2312 followed in the same path, and the concerted omission from the two sections of any requirement for the impanelling of a jury is most significant. Our conclusion is, therefore, that the Legislature intended that the rights of the parties upon a motion to redeem, and the question as to the amount necessary to effect a redemption, should be determined without the intervention of a jury.

We find no reversible error in the record and proceedings of the court below. Its judgment is affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concurring. ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur in the result.

McCLELLAN, J.—I concur in the foregoing opinion except in the particular that it treats the matter of a jury trial under Code, § 2312.

In the first place, there is no assignment of error complaining of any denial of a jury trial by the court below. Indeed, it satisfactorily appears from the transcript that the issues were in fact submitted to a jury; the omissions being simply to recite that fact and to reproduce the verdict in the judgment entry. But, as stated, the assignments of error bring no complaint on that account. Hence all that is or may be said in respect to a jury trial in this contest is dicta, merely. Secondly, in *Huntsville v. Pulley,* 187 Ala. 367, 371, 372, 65 South. 405, 407, it was said: "It has been the clear policy of our people, as exemplified by Constitutions and statutes, to submit all issues of fact in courts of

[Green v. Stephens, et al.]

law to the verdict of a jury, even where the Constitution does not so require. And hence * * * we think it is a sound rule of construction to hold that when original or appellate jurisdiction of any cause is vested by law in jury courts, and trial by jury is not plainly inhibited, a jury must be impaneled and a verdict rendered thereon, as in ordinary cases, unless a jury trial is waived by the parties."

Unless there is something in the statute to except it from the application of the quoted doctrine of the *Pulley Case*, it is very clear that the word "court," as used in that statute, should be held to include the jury as the agent for the performance of its function in determining issues of fact required to be submitted to and determined by the court. The only reason suggested (aside from the provisions of the act of 1915 [Acts 1915, p. 824], which was not in effect when this case was tried) is that in codifying section 4083 of the Code of 1896 into what is now section 2305 of the Code of 1907, the express direction that a jury should be impaneled was omitted. A careful reading of section 2305 of the Code of 1907 will disclose that after the purchaser or other person claiming under him has failed in a suit, and the further provisions of section 2305 are sought to be availed of by motion of the plaintiff, no issues of fact that may be determined by evidence delivered ore tenus is open for the consideration and determination of the court; whereas it is made the duty of the court by section 2312 to ascertain and adjudge the amount of a reasonable attorney's fee for the plaintiff's attorney in bringing the suit. Under the former statute (section 2305) the ascertainment of the amount for which judgment shall be rendered against the defendant in favor of the plaintiff is but a process of calculation; whereas under the latter statute (section 2312) the court must ascertain, necessarily from opinions of witnesses, the amount of a reasonable attorney's fee. It thus appears that the two sections involve materially different processes on the part of the court. Unless waived, a trial by jury ought to be accorded a party before a judgment is rendered against him, which must include the amount of an attorney's fee for his adversary. Section 2312 being new to the Code of 1907 and new to our law, has in it no such factor as the indicated elimination from what is now section 2305 of the Code.

ANDERSON, C. J., and GARDNER, J., concur in the foregoing opinion of MCCLELLAN, J.