(87 South. 794)

## GEORGIA LOAN & TRUST CO. v. WASHINGTON REALTY CO. (6 Div. 190.)

(Supreme Court of Alabama. Feb. 3, 1921.)

**1. Taxation ⬅️809(2)—Bill to quiet title as against tax deed held not demurrable.**

A bill filed under Code 1907, § 5443, averring peaceable possession of complainant claiming title in his own right, and that defendant purchased land at tax sale, and received a deed therefor, was not demurrable because showing on its face that time for redemption was past under Code 1907, § 2313, as amended by Acts 1915, p. 475, § 241, where the bill did not allege the essentials of a valid tax sale, since the burden of proof rested on defendant claiming under the tax title to show that it was valid.

**2. Taxation ⬅️799—Bill to quiet title against tax title lies.**

The law does not require the owner, his heir, devisee, vendee, or mortgagee of land in possession, when it is sold for taxes, to wait for purchaser to file ejectment suit, but they may file bill in equity under Code 1907, § 2312, as amended by Acts 1915, p. 475, § 240.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Georgia Loan & Trust Company against the Washington Realty Company to quiet title to land, and for other purposes as noted in the opinion. From a decree sustaining demurrers to the bill, complainant appeals. Reversed, rendered, and remanded.

Joseph T. Collins, Jr., of Birmingham, for appellant.

The bill contains all the necessary allegations and averments. Sections 5443, 5444, Code 1907. A person out of possession, holding a tax deed, has nothing more than a lien, claim, or incumbrance. Section 2312, Code 1907; Gen. Acts 1915, p. 475; 198 Ala. 325, 73 South. 532.

C. B. Powell, of Birmingham, for appellee.

The bill should have been filed within three years. Section 2311, Code 1907; Acts 1915, p. 474; 164 Ala. 414, 51 South. 393; 152 Ala. 467, 44 South. 565. The bill is multifarious. 176 Ala. 232, 57 South. 698.

MILLER, J. This bill of complaint was filed October 15, 1918, by the appellant, who was the complainant, against Washington Realty Company, under section 5443 of the Code of 1907.

It describes a lot of land, avers complainant is in peaceable possession of it, claiming title to or ownership of it, in its own right at this time; and the defendant is reputed to claim some title or interest in it, and that no suit is pending to enforce or test its validity.

It avers the lot was owned by A. L. Finney on May 1, 1912, and that he and his wife that day executed to complainant a mortgage thereon to secure a loan. This mortgage was duly foreclosed on July 3, 1917, and complainant purchased the lot at the sale. The mortgage and foreclosure deed were duly recorded in the probate office of Jefferson county, Ala.

The bill does not stop here, and pray for appropriate relief and process. If it did, it would comply with section 5443 of the Code of 1907, and its sufficiency would probably never have been questioned by demurrer. The bill goes further, and avers that this lot was sold for state, county, and municipal taxes, with other property not involved in this suit, on June 18, 1914; and at the tax sale the defendant purchased the lot and other property for $58.35, amount of taxes, penalties, and costs for the year 1913 due thereon; that on July 25, 1916, in pursuance of said tax sale, a tax deed, conveying the lot and the other property, was made to the defendant for said sum; that on October 15, 1918, complainant tendered to defendant $95 to pay all taxes, damages, costs, and interest paid by him. Defendant refused it. Complainant submits itself to the jurisdiction of the court, and offers to do, and avers ability to pay, whatever may be legally due defendant.

The defendant demurs to this bill of complaint, in substance, because it does not contain equity; it shows on its face the defendant is the owner of the land; it shows complainant is guilty of laches, which bars this suit; and that the amount tendered was not sufficient.

The court below sustained the demurrers to the bill of complaint, and this decree is now assigned as error.

Real estate sold for taxes may be redeemed at any time within two years from the date of the sale by any mortgagee or purchaser of such land. Section 2313, Code 1907, as amended by section 241, Act of 1915, p. 475.

[1] On the face of this bill it looks like complainant is barred of its right to redeem in the manner prescribed by statute. The bill was filed October 15, 1918, the lot was sold for taxes June 18, 1914, and the tax deed was executed July 25, 1916. This was more than four years after the tax sale, and

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

more than two years after the tax deed was executed. But the bill does not aver that the tax sale and tax deed were based on a valid decree of sale by a court of competent jurisdiction after the lot was properly assessed, and that notice was given the owner of the application to sell for nonpayment of taxes, and that the lot was legally advertised for sale after the decree. These matters are essential to a valid decree and to a legal sale thereunder. The burden of proving them rests on him who claims under them, the defendant in this case. This record is silent as to what court, if any, ordered the sale, and what official executed the deed. Johnson v. Harper, 107 Ala. 706, 18 South. 198. The bill does not aver that the tax sale was valid under a legal decree of a court of competent jurisdiction, and that a valid deed was thereafter made by the judge of probate to the defendant as the law directs.

Under the averments of the bill we think complainant has the right to have the liens, incumbrances, and taxes, penalties, and interest of the defendant, if any, specified and declared; and the tax deed, whether valid or invalid, removed as cloud on title on payment of the amount lawfully due defendant. The complainant avers it is in possession of the land; and when the defendant, being out of possession, specifies by answer or cross-bill its tax claim and liens, if any, then section 2312 of the Code of 1907, as amended by Acts 1915, § 240, p. 475, will be a guide to the court in fixing the amount to be paid by complainant and for which defendant has lien on the lot.

[2] The law does not require the owner, his heir, devisee, vendee, or mortgagee of land, in possession, when it is sold for taxes, to wait for the purchaser to file ejectment suit in order to put into operation section 2312 of the Code of 1907, amended by Acts 1915, § 240, p. 475; but the owner, his heir, devisee, vendee, or mortgagee of the land, at the time of the tax sale, or the person against whom the taxes were assessed, being in possession, may file bill, like in this cause, and force defendant, the purchaser at the tax sale, to propound his tax claim, lien, or tax title, whether valid or invalid, so it can be paid as said act [section 240] requires, and the tax deed removed as cloud on the title to the lot. Section 2312, Code of 1907, as amended Acts 1915, § 240, p. 475; Green v. Stephens, 198 Ala. 325, 73 South. 532.

The decree of the court below is reversed, and a decree is rendered here, overruling the demurrers and remanding the cause.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.