(135 So. 344)

## CHESNUTT v. MORRIS.

### 6 Div. 721.

Supreme Court of Alabama.
May 14, 1931.

W. A. Weaver and J. Wiley Logan, both of Birmingham, for appellant.

O. B. Cornelius, of Birmingham, for appellee.

THOMAS, J.

The case of Morris v. Card, post, p. 254, 135 So. 340, rules this case.

In dismissing the bill, the trial court, no doubt, had in mind the question of a scrambling possession. This was before the decision in Bell v. Propst, 220 Ala. 641, 127 So. 212. When the fence was built by the vendee, alleged to have been erected by the original owner, his possession as vendee authorized him to file a bill to redeem. Section 3108, Code. That is, so long as the tax purchaser does not have the actual possession of the property, though he has the right by valid tax deed, the true and original owner or his vendee may go into possession of vacant property peaceably, and file a bill to redeem under section 3108, even though the tax purchaser should be attempting to regain possession by force or by way of scrambling or intermittent acts.

It is insisted that the provisions of section 3108, Code, Acts 1915, p. 475, § 240, for redemption by the several classes indicated by the statute, apply to those who constantly remained in possession, and not to one of the class who did not actually and. continuously hold the possession, against occasional acts hostile to his ownership, though "the owner of the land at the time of the sale, his heir, devisee, vendee, or mortgagee," may be in the actual possession at the time the bill for redemption is filed, and who cannot be peaceably dispossessed without appropriate "suit against such person."

In Green v. Stephens et al., 198 Ala. 325, 73 So. 532, 533, the suit was statutory ejectment by one claiming under a purchaser at tax sale; the judgment allowed redemption. There was allowed substitution or intervention of the original owner at the time of tax sale. The court said, of the purpose of the statute, that the right is created with a view to its exercise in "cases where valid tax titles have been made, and the original owner *remains in possession.*" (Italics supplied.)

The case of Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794, 795, was where a mortgagee sought foreclosure and redemption from tax sale of the mortgaged premises, and alleged that it had possession of the premises when the bill was filed. The court through Mr. Justice Miller said: "The law does not require the owner, his heir, devisee, vendee, or mortgagee of land, in possession, when it is sold for taxes, to wait for the purchaser to file ejectment suit in order to put into operation section 2312 of the Code of 1907, amended by Acts 1915, § 240, p. 475; but the owner, his heir, devisee, vendee, or mortgagee of the land, at the time of the tax sale, or the person against whom the taxes were assessed, being in possession, may file bill, like in this cause, and force defendant, the purchaser at the tax sale, to propound his tax claim, lien, or tax title, whether valid or invalid, so it can be paid as said act (section 240) requires, and the tax deed removed as cloud on the title to the lot. Section 2312, Code of 1907, as amended Acts 1915, § 240, p. 475; Green v. Stephens, 198 Ala. 325, 73 So. 532."

In Burdett v. Rossiter, 220 Ala. 631, 633, 127 So. 202, 203, the suit was to quiet title by one claiming under tax deed against him who claimed through sheriff's deed on sale under execution and the averment of possession and ownership. There was motion for redemption from tax title and after ascertainment of the amount of such redemption was allowed. The court said: "If the tax title proves valid, and he establishes his right of redemption under Code, § 3108, he obtains such relief. If the tax title is found invalid, still the holder may have succeeded to the lien of the state and county, and be entitled to have a refund as per Code, §§ 3101, 3102. So, on a bill by the owner in possession to quiet title he may remove the cloud or incumbrance on his title whether the tax title set up by respondent be valid or invalid."

48

And in the case of Bell v. Propst, 220 Ala. 641, 127 So. 212, the bill was to quiet title to certain woodland valuable for coal deposits, and by answer and cross-bill respondent claimed by virtue of a tax deed which was regular and conformed to law; and as a part of the answer to the cross-bill, complainant moved the court to ascertain the amount and permit redemption under section 3108, Code. The same right was sought by amendment. The court said:

"It will be noted that it is applicable 'when the suit is against the person against whom the taxes were assessed, or the owner of the land at the time of the sale.' It is not dependent upon the invalidity of the tax sale. Green v. Stephens, 198 Ala. 325, 73 So. 532. In that case it was held, however, to be conditioned upon the owner of the land remaining in possession. We take this to mean such possession as that the purchaser must sue for its recovery in order for him to gain its possession. * * * To justify a suit in equity to exercise this right, the complainant must have such possession as will require some nature of suit by the purchaser at tax sale to recover it of him. It need not be that peaceable possession which will justify a statutory bill to quiet the title. For if the original owner be and remain in such possession as that it will require some nature of suit to oust him, though his possession be a scrambling one, he need not wait to be sued to stimulate an exercise of the right conferred by section 3108, but may, as was done in Georgia L. & T. Co. v. Washington Realty Co., supra, institute a suit in equity to enforce the right. * * *

"The former owner had leased the coal mining rights, and the operator under that lease was mining the coal. The notice to him by this purchaser at tax sale did not divest the owner of the possession held through this mine lessee. So that to that extent he was in possession, though this tax sale purchaser had also assumed control and possession of a small part of the land by fencing it, and renting it for a pasture for $1 per month. In order to obtain possession of the mines, he would have been forced to a suit."

The case of Bell v. Propst, supra, is decisive on the point that the bill may not be dismissed on the view that there was a scrambling possession. If when the vendee connected his title to the original owner at tax sale, and peaceably acquired the actual possession of the vacant property and built his fence, he acquired such possession as required a suit by the tax purchaser to gain possession, he had such possession as enabled him to redeem from the tax sale. That is, so long as the tax purchaser is not in the actual possession in person or by lessees or tenants, the true owner may go into the peaceable and actual possession and have redemption, though that possession may not have been maintained continually from the tax sale. See, also, Morris v. Card, supra.

We are of opinion that the trial court was in error in dismissing the bill and taxing the complainant with the costs.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.