145 So. 421
## NATIONAL FIREPROOFING CORPORATION v. HAGLER.

### 6 Div. 234.

Supreme Court of Alabama.

Dec. 15, 1932.

Rehearing Denied Jan. 27, 1933.

William S. Pritchard and Thos. H. Fox, both of Birmingham, for appellant.

Arthur L. Brown, of Birmingham, for appellee.

KNIGHT, J.

Bill filed by the National Fireproofing Corporation against P. L. Hagler to quiet title under the provisions of section 9905 of the Code. The bill contains all necessary averments to make it present a proper case for determination of the issues involved by a court of equity. Its sufficiency was not questioned, nor tested by demurrer.

To this bill, the defendant, Hagler, filed answer and cross-bill. In his answer and cross-bill, the cross-complainant set up title, legal and equitable, to the property in question. It is made to appear from the cross-bill that Hagler purchased the property at a tax sale, made after due assessment of the property for taxes, default in the payment of same, and a valid order of sale. Regularity in the assessment, advertisement, order of sale, and sale of the property is fully averred and shown by the averments of the cross-bill.

In short the cross-bill contains all the essential averments of an original bill to quiet title. The complainant in the original bill demurred to the cross-bill upon numerous grounds, but the demurrer was overruled. The correctness of the court's ruling in overruling this demurrer is not assigned for error. With its demurrer overruled, the complainant then filed its answer to the cross-bill. This answer was filed on June 8, 1932. On the same day, the complainant, the National Fireproofing Corporation, filed motion in the following language:

"Now comes the complainant in the above styled cause and would respectfully represent and show unto the court as follows:

"1. That complainant is a vendee and/or transferee and/or grantee of the party who was the owner of the lands in question at the time of the tax sale described in the answer and cross-bill of the respondent in the above styled cause, filed herein.

"2. That complainant is in the possession of and has been continuously in possession of the said lands since it became the owner thereof, and that its predecessors in title were continuously in the possession thereof during the respective periods of time when such predecessors were the owners thereof; that the respondent is not now and never has been in the possession of said lands.

"Wherefore, complainant, before the trial of this cause, moves that this honorable court ascertain the amount paid by the purchaser, together with fifteen per cent per annum thereon, in accordance with the law in such case made and provided, and more specifically in accordance with the provisions of section 3108 of the Code of Alabama of 1923, and that having so ascertained said amount, that the court will enter judgment for the amount so ascertained in favor of the respondent, which judgment shall be a lien on

the land described in the complaint, and further that upon the payment into court of the amount of the judgment and costs, the court will enter judgment for the complainant for the land, and that all title and interest in the land shall by such judgment be divested out of the alleged owner of the tax deed, the respondent herein."

█ The appellant, being the vendee of the owner of the land at the time of the tax sale, and being in the actual or constructive possession of the same, was not required to wait for the purchaser at the tax sale to bring ejectment, but had the right to resort to bill in equity to quiet title. Georgia, etc., Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Chesnutt v. Morris, 223 Ala. 46, 135 So. 344; Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401; Bell v. Propst, 220 Ala. 641, 127 So. 212; Morris v. Card, 223 Ala. 254, 135 So. 340, 344.

The law does not require the owner, his heir, devisee, or vendee, or mortgagee of lands, in possession, when sold for taxes to wait the pleasure of the purchaser to file ejectment suit, in order to put into operation section 3108 of the Code. The owner may himself take the initiative by filing bill to quiet title, and thereby require the purchaser to propound his tax title or tax claim. Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794. This is the course pursued by the owner in the present case. To this bill the purchaser at the tax sale filed answer and cross-bill, bringing forward his tax deed in defense of the complainant's suit. The complainant in the original suit thereupon filed his motion for redemption under the provisions of section 3108 of the Code. In this motion, offer was made to pay the amount of the taxes paid, including 15 per cent. per annum thereon, but no offer was made to pay to the purchaser a reasonable attorney's fee for the purchaser's attorney in filing the cross-action. The court sustained demurrer to this motion, upon the ground that it failed to make the offer to pay the attorney's fee, and, upon the hearing. entered decree allowing the owner to redeem the property, but required him to pay the purchaser an attorney's fee of $75.

██ The insistence is here made that the court erred in allowing the attorney's fee.

In the case of Morris v. Card, supra, this court, on rehearing, held: "That respondent-complainant in the cross-bill was not entitled to reasonable attorney's fee for prosecuting his answer and cross-bill in resisting the claims of the original complainant, owner, or vendee thereof to clear title. The latter pleading in defense by answer and cross-bill as to the allowance of reasonable attorney's fee, was not within the provisions of the statute, and is ruled by Threadgill v.

Home Loan Co., supra." Unless we are to depart from the holding in the Morris Case, supra, this case, in principle, must be controlled thereby. Section 3108 of the Code is in derogation of the common law, is penal in its nature, certainly as to the penalty imposed upon the redeeming owner, and must therefore be strictly construed. It is only in suits brought by the purchaser at the tax sale that the owner must pay an attorney's fee. The cross-bill was not the institution of such a suit as is contemplated by section 3108. It is in nature and purpose a defensive pleading, filed in the suit instituted by the landowner. The statute, section 3108, as to an attorney's fee, does not apply, and the cross-complainant was not entitled to the allowance of an attorney's fee, and the circuit court erred in holding to the contrary.

The judgment of the circuit court of Jefferson county will be here corrected, to exclude the $75 attorney's fee, thereby reducing the judgment to $21.40. Let the appellee pay the cost accruing on this appeal.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.