97 So.2d 537

ALABAMA PECAN DEVELOPMENT CO., Inc.

v.

A. B. CASE.

I Div. 705.

Supreme Court of Alabama.

Oct. 24, 1957.

Caffey, Gallalee & Caffey, Mobile, for appellant.

Austill & Austill, Mobile, for appellee.

SIMPSON, Justice.

This is an appeal by the Alabama Pecan Development Co., Inc. from a decree of the lower court holding that A. B. Case, as successor in title to the landowners, whose lands had been sold for delinquent taxes, was entitled to redeem the land from the tax sale. Case, the appellee, filed a statutory bill to quiet title, claiming record title to SE¼ of NW¼ and NW¼ of SW¼ and the NW¼ of NE¼, all of Section 29, Township 4 South, Range 3 West. Also the following lands in Section 5, Township 5, Range 3 West: SE¼ of NE¼; SW¼ of NE¼; NE¼ of NW¼; NW¼ of SE¼ and SW¼ of SE¼.

The appellant, The Alabama Pecan Development Co., filed an answer and cross-bill alleging a tax title and claiming ownership of the property thereunder. The appellee, by way of answer to the cross-bill, filed a motion, seeking to come under the provisions of Title 51, § 296, Code of 1940, asking a redemption of the property. The lower court ordered a redemption, and the Alabama Pecan Development Co. has appealed. Section 296 provides:

"When the suit is against the person against whom the taxes were assessed, or the owner of land at the time of the sale, his heirs, devisee, vendee, or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the cause, ascertain the amount paid by the purchaser at the sale, and of the taxes

subsequently paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the suit, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land, shall by such judgment be divested out of the owner of the tax deed."

■ Under the provisions of this section, it is immaterial whether the tax title is valid or invalid or that the period for other methods of redemption has expired, or that the suit is brought by the landowner or his title successor. Morris v. Card, 223 Ala. 254, 135 So. 340; Green v. Stephens, 198 Ala. 325, 73 So. 532.

Speaking of this statute the court said in Moorer v. Chastang, 247 Ala. 676, 26 So. 2d. 75, 78:

"* * * In order to entitle the complainant [landowner] to relief sought in this peculiar statutory proceeding, there are certain primary requisites. First possession of the land by the complainant within the meaning of the statute. * * * Second membership by the complainant in a class of those allowed under the statute to redeem. Third a claim to the land by the respondent under a tax title or proceeding. Fourth no suit pending to enforce or test respondent's claim. If these primary requisites are present, then the case can proceed to a determination of the amount necessary to redeem, the payment thereof to the holder of the tax claim or title and a decree quieting the title of complainant."

It is first argued by appellant that appellee has not properly pursued the requi-site course in seeking to redeem the property under the statute. More specifically, the appellant insists that the appellee has not conformed to the requisite rules of equity pleading; that the appellee should have amended his bill and requested a redemption rather than requesting the right to redeem by the stated motion in order to avail himself of the rights under § 296.

■ It has been settled in this state that an owner, or his successor, need not wait to be sued to take advantage of the provisions of said § 296, but may institute his own action to clear his title. Burdett v. Rossiter, 220 Ala. 631, 127 So. 202; Bell v. Propst, 220 Ala. 641, 127 So. 212. And pursuing this course an owner or his title successor may file his statutory bill to quiet title. Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Morris v. Card, 223 Ala. 254, 135 So. 340.

With reference to the questioned right of appellee to raise the issue of redemption by motion, we think the case of Georgia Loan & Trust Co. v. Washington Realty Co., supra, is apposite.

"Under the averments of the bill we think complainant has the right to have the liens, incumberances, and taxes, penalties, and interest of the defendant, if any, specified and declared; and the tax deed, whether valid or invalid, removed as cloud on title on payment of the amount lawfully due defendant. The complainant avers it is in possession of the land; *and when the defendant, being out of possession, specifies by answer or cross-bill its tax claim or* liens, if any, then section 2312 of the Code of 1907 [now § 296, Title 51] * * * will be a guide to the court in fixing the amount to be paid by complainant and for which defendant has lien on the lot.

"The law does not require the owner, his heir, devisee, vendee, or mortgagee of land, in possession, when it is sold for taxes, to wait for the purchaser to

file ejectment suit in order to put into operation Section 2312 [now 296] * * *; but the owner, his heir, devisee, vendee, or mortgagee of the land, at the time of the tax sale, or the person against whom the taxes were assessed, being in possession, may file bill, like in this cause, *and force defendant, the purchaser at the tax sale, to propound his tax claim, lien, or tax title, whether valid or invalid, so it can be paid * * * and the tax deed removed as cloud on the title to the lot.*" (Emphasis added.) 205 Ala. at page 289, 87 So. at page 794.

The above expressions lean to the view that the owner may file his bill, as in the instant case, to require the purchaser to bring out his tax title. When this is done, then under the provisions of § 296, such a motion as here may be filed and a redemption had upon the necessary elements of § 296 being met. See also Chastang v. Moog, 230 Ala. 452, 161 So. 502, and Bell v. Propst, 220 Ala. 641, 127 So. 212, importing the same conclusion.

It is incumbent on the appellee to show what title he holds to the property he seeks to redeem. Section 296, Title 51; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75. Upon checking the chain of title leading up to appellee, there appears a deed conveying to "W. R. Dawes as trustee for Chandler B. Beach", property, of which the NW¼ of SE¼ of Section 5, Township 5 South, Range 3 West, is a part. This vested the legal estate in Chandler B. Beach. A deed to one "as trustee for" certain persons, which failed to impose active duties, creates only a dry trust and vests the title to the property in the cestui que trust, leaving no interest in the trustee which he could convey. Title 47, § 144, Code of 1940; Berry v. Wooddy, 16 Ala. App. 348, 77 So. 942 and cases cited. In the light of this principle it must be held that appellee has failed to establish title out of Chandler B. Beach and into himself. Therefore, the learned trial court committed error when it decreed that the appellee was

entitled to redeem the NW¼ of the SE¼ of Section 5, Township 5 South, Range 3 West, and a reversal of the decree as to this forty acres must be ordered.

Next, as to that land the appellee claims through Rufus C. Dawes, viz., NW¼ of the NE¼, Section 29, Township 4 South, Range 3 West; SW¼ of NE¼ and the NE¼ of the NW¼ all of Section 5, Township 5 South, Range 3 West. The appellee attempted to establish his title to these three forties by deeds from the heirs of Rufus C. Dawes. To prove the heirship of the various grantors, the appellee was allowed to introduce into evidence an affidavit made by Charles C. Dawes. However, the dates shown in the affidavit are contradictory and confusing, and make it uncertain as to when it was executed and for what purpose. So, even if such affidavit properly executed should be held admissible under the provisions of §§ 116 and 117, Title 47, Code of 1940, as amended, it was inadmissible in its present state and proved nothing because of the contradiction in dates appearing on its face.

"* * * The statute [*ubi supra*] intends to permit the use in evidence of affidavits made contemporaneously with the conveyance they assume to interpret, not to change or destroy, affidavits which are of the res gestae of the transaction witnessed by the execution and record of the conveyance to be thereby affected—affidavits going at the time to clear up doubts concerning the title and interest passed by the conveyance." Hatcher v. Rice, 213 Ala. 676, 677, 105 So. 881, 882.

We hold therefore that complainant has failed to show title to these three forties and the decree will be reversed as to them.

As to possession. Those principles governing the requisite possession to maintain the appellee's right to redeem in this case were stated in the case of Bobo v. Edwards Realty Co., 250 Ala. 344, 346, 34 So.2d 165, 167:

"The trend of our decisions seems to have been rested on the theory that to enforce a redemption in equity under the Code section [§ 296] the owner, taxpayer or other statutory designee must have remained in some sort of actual or constructive possession of the land since the tax sale. * * * The character of the redemptioner's possession necessary to such equitable relief is not prescribed in the statute, but the holding in all our cases on the subject is that such possession need not be peaceable as is required for relief under § 1109, Title 7 of the Code (statutory bill to quiet title), but only such possession that 'some nature of suit must be brought to oust him [taxpayer], provided it was not obtained tortiously'. * * * And, that his possession is only scrambling does not deprive him of his right of redemption, though it would deprive him of relief under said § 1109. Standard Contractors Supply Co. v. Scotch, supra [247 Ala. 517, 25 So.2d 257].

"The principle has also been settled that where there had never been any real occupancy of the land, no one having been in actual possession thereof, the possession is regarded as constructive and follows the title of the original owner. And in land of this character the right of the true owner or his statutory title successor would not be cut off by the scrambling possession of the tax purchaser (or his successor in title) or by any other character of possession short of that as would be sufficient to comply with the law of adverse possession.

"However, as stated, for the remedy under the statute to be available it is essential that the taxpayer's possession be such as to require a suit at law against him for recovery of possession. Hence our holding that if he has such possession he can maintain the suit in equity under the section as for a redemption. * * *

"This redemption statute does not necessarily exclude an owner who has relinquished possession and afterwards regained it. But we do not think the remedy under § 296 could apply to situations where the possession had been wrongfully regained as one which justified an action of forcible entry and detainer, as where the taxpayer after giving up possession reentered and became a trespasser on the property, or where he had surrendered possession and later had reasserted possession wrongfully or tortiously, * * * or where the taxpayer or his successor in title had lost the right by the intervening adverse occupancy of the tax title claimant for the prescriptive period of the statute (short statute of limitations, § 295)."

■ The evidence of possession, as presented by the record is somewhat controverted. The complainant's evidence tended to establish that the tax-title holder, respondent, had not fenced the land, also that it had in no way exercised possessory acts over the same. On the other hand the complainant introduced evidence that he, complainant, had cut timber from the land and that he held the actual as well as the constructive possession of the property. The respondent introduced evidence to the effect that the property here in controversy was enclosed with other lands within two fences and was used as pastures by respondent; but this fact was in dispute. It was further brought out by respondent's evidence that it had executed a turpentine lease and that in fact turpentine had been collected from trees on the property. The complainant, on the other hand, interposed evidence contradictory of this. Upon hearing all the evidence, the trial court granted the complainant a redemption. In doing this he had to determine that the complainant was in such possession, whether actual or constructive, though perhaps scrambling, as would require an action at law to divest him of his possession. All evidence was taken ore tenus. When thus taken and the evidence is in conflict, then every presump-

tion will be indulged in favor of the findings of the trial court and such findings will not be disturbed unless palpably wrong. 2A Ala.Dig., Appeal & Error, ⚷931(1b). The duty was on the trial court to determine which of the conflicting evidence to believe. That he did when he rendered his decree allowing a redemption. In view of this favorable presumption we are unwilling to declare error in the findings of the trial court as to the possession by complainant of those lands to which a good title has been shown. Authorities, supra. That part of the decree as to these lands is therefore ordered affirmed.

It results from the foregoing that the decree will be reversed as to the lands to which a valid title has not been shown, as mentioned above, and affirmed as to those lands where a sufficient title has been established.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.