142 So.2d 688

John L. TANNER

v.

A. B. CASE.

1 Div. 976.

Supreme Court of Alabama.

June 14, 1962.

Gordon & Jansen and Caffey, Gallalee & Caffey, Mobile, for appellant.

Austill, Austill & Austill, Mobile, for appellee.

SIMPSON, Justice.

The original bill of complaint was filed by appellee September 1, 1949. It was a bill to quiet title in complainant to certain lands located in Mobile County, and to cancel "whatever document the respondent may have or hold under or to which he wrongfully claims title or interest in said property". Paragraph 3 of the bill alleges that respondent claims or is reputed to claim some right, title, interest or encumbrance upon the suit property and avers certain tax deeds of the property to respondent's predecessors in title. The prayer offers to pay whatever is found to be due by any lien or encumbrance, etc. The bill as amended sought a redemption of the lands from void tax sales. It was alleged that complainant was in possession of the property, either actual or constructive, at the time of the filing of the bill. By further amendment complainant alleges "that if the complainant is mistaken as to complainant being in possession of said lands either actual or constructive at the time of the filing of the bill of complaint in this cause, then complainant alleges in the alternative that complainant is and was at the time

of the filing of the bill of complaint * * * the owner of the lands described in the bill of complaint; that respondent is in possession of said lands claiming to own the same by virtue of a sale to the State of Alabama for payment of ad valorem taxes and deeds to respondent's predecessors in title from the State Land Commissioner of Alabama; that said tax sales were and are void. Complainant offers to do equity and to pay all taxes, fees and costs necessary to redeem the lands from said tax sales". We are impressed with the redundancy of amendments to the original bill, since under the authorities the original bill would have sufficed to allow the complainant to effect a redemption from a tax sale.

There was a further allegation to the effect that respondent cut timber on the land during the pendency of the suit and a prayer for a reference, etc.

The stipulation of the parties set out below will adequately set out the issues and facts:

"It is stipulated by the complainant and the respondent in this suit that at the time of the filing of the bill of complaint in this cause on September 1, 1949 there was no suit pending to test the title to, interest in, or rights to possession of this land.

"It is further stipulated that as to the Southeast Quarter of the Northeast Quarter of said Section 19, the property was patented out of the United States Government and by mesne conveyances was well vested in W. R. Dawes on April 11, 1932 by Quit Claim Deed and Recorded December 30, 1932 in Deed Book 342, page 358; Wm. R. Dawes, a widower, by statutory warranty deed dated November 6, 1935, recorded November 25, 1935, conveyed said property to Howell W. Kitchell; Howell W. Kitchell and Dorothy Abbott Kitchell, husband and wife, conveyed said property by statutory warranty deed dated January 22, 1948, recorded

August 5, 1948, to the complainant, A. B. Case. With reference to the same 40 the Respondent claims title by Tax Deed from the State Land Commissioner to Lora L. Young, dated April 12, 1944 and recorded May 13, 1944 in Deed Book 356, page 112, reciting that said property was sold for non-payment of 1935 taxes, assessed in the name of W. R. Dawes; and Lora L. Young and Claude V. Young, her husband, by statutory warranty deed conveyed said 40 to the respondent John L. Tanner on August 21, 1944 and recorded June 27, 1945 in Deed Book 377, page 489.

"As to the Northeast Quarter of the Northeast Quarter of said Section 19, this 40 was patented out of the United States Government and by mesne conveyances title was vested in W. R. Dawes by statutory warranty deed dated June 16, 1925 and recorded July 9, 1925 in Deed Book 205, page 112; W. R. Dawes, a widower, conveyed said property by statutory warranty deed to Howell W. Kitchell, dated November 6, 1935 and recorded November 25, 1935, in Deed Book 257, page 180; Howell W. Kitchell and wife, Dorothy Abbott Kitchell, conveyed said property by statutory warranty deed dated January 22, 1948 and recorded August 5, 1948 in Deed Book 460, page 183 to the Complainant, A. B. Case.

"As to this same 40 the Respondent claims title thereto through a tax deed from the State Land Commissioner of Alabama to Lora L. Young, dated April 12, 1944, and recorded May 13, 1944 in Deed Book 356, page 112, reciting that said property was sold for non-payment of 1935 taxes, assessed in the name of W. R. Dawes; and by statutory warranty deed from Claude V. Young and Lora L. Young, husband and wife, to the respondent, John L. Tanner, dated, August 21, 1944 and recorded June 27, 1945 in Deed Book 377 page 489.

"As to the Northwest Quarter of the Southwest Quarter of said Section 19, title was patented out of the United States Government and by mesne conveyances as well vested in Rufus C. Dawes on March 12, 1936, by Quit Claim Deed from W. R. Dawes as Trustee for Mobile Farm Land Trust; Rufus C. Dawes died intestate as to this 40 on January 8, 1940, leaving as his sole heirs at law Jean Dawes Sherman, Margaret Dawes Jefferson, Helen D. Watermulder, William M. Dawes, Palmer Dawes and Charles C. Dawes and his widow, Helen Palmer Dawes, who is now dead, dying in 1941.

"On October 16, 1947 by statutory warranty deed recorded November 20, 1947 in deed Book 442, page 682, Jean Dawes Sherman and husband Robert T. Sherman conveyed said property to A. B. Case; and on October 22, 1947 by statutory warranty deed recorded November 20, 1947, Deed Book 442, page 689, William M. Dawes and wife Grace Dawes conveyed said property to A. B. Case; and on October 24, 1947 by statutory warranty deed recorded in Deed Book 442, page 684 Margaret Dawes Jefferson and Beverly Jefferson, Husband and wife, conveyed said property to A. B. Case; and on October 25, 1947 by statutory warranty deed recorded November 20, 1947, Deed Book 442, page 686, Charles C. Dawes and Mignon M. Dawes, husband and wife, conveyed said property to A. B. Case; and on November 3, 1947 by statutory warranty deed recorded November 20, 1947 in Deed Book 442, page 691, Helen Dawes Watermulder and Louis F. Watermulder conveyed said property to A. B. Case.

"As to this same 40 the respondent claims title by a Tax Deed from the State Land Commissioner of Alabama to Lora L. Young, dated April 12, 1944 and recorded May 13, 1944 in Deed Book 356, page 111, reciting that said property was sold for non-payment of

1937 taxes assessed in the name of W. R. Dawes, Trs., Rufus Dawes; and Lora L. Young and Claude V. Young, by statutory warranty deed, to the Respondent John L. Tanner, dated August 21, 1944 and recorded June 27, 1945 in Deed Book 377 page 489.

"It is further stipulated that since the dates of the tax deeds to Lora L. Young above referred to that the taxes on said lands have been assessed in the name of and taxes paid by either Lora L. Young or John Tanner; that neither Case nor his predecessors subsequent to 1944 paid any taxes or assessed said lands, and that the Complainant A. B. Case after he obtained his deeds of conveyance offered to assess said lands as a double assessment but was not permitted to do so and has paid no taxes and made no assessments on said lands since the date of the conveyances to the Complainant.

"It is further stipulated that the form of all deeds described in this stipulation as being of record, except the tax deeds to Lora L. Young herein described, are sufficient to pass whatever title the grantor had on the dates of the execution of said deeds."

The case was tried ore tenus and the court entered a final decree in favor of complainant, finding that all tax deeds were void and that title to said lands was vested in complainant and that "the respondent John L. Tanner and his predecessors in title have not shown by the evidence such possession of the lands described in and covered by the tax sales for non-payment of State and County ad valorem taxes * * * as to preclude the complainant from his right, as owner of said lands, to redeem the same from said void tax sales".

The court further found that respondent cut and removed timber from said land and ordered a reference to ascertain the dates, amounts and reasonable value of timber cut and removed after the filing of the bill, and to determine the amount required for the redemption of said lands from the tax sales.

From this decree respondent has appealed.

Appellant makes numerous assignments of error. However, he states in brief that "the theory seriously insisted upon is that as a bill to redeem from a tax sale, the complaint did not contain equity because it was not filed within the time limited by statute for redeeming from tax sales."

■ In Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411, we stated that the purpose of the statute (Title 51, § 296, Code) "was to save to an owner of land sold for its taxes the right to redeem it without limit of time provided he has such possession of it, as may be sufficient for that purpose." National Fireproofing Corp. v. Hagler, 226 Ala. 104, 145 So. 421; Georgia, etc. Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Chestnutt v. Morris, 223 Ala. 46, 135 So. 344; Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401; Bell v. Propst, 220 Ala. 641, 127 So. 212; Morris v. Card, 223 Ala. 254, 135 So. 340, 344; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202.

■ The complainant must have such possession as will require some nature of suit by the purchaser at tax sale to recover it from him, but it need not be such peaceable possession as will quiet title; it may be scrambling possession. Constructive possession is sufficient, provided of course the tax purchaser has not been in actual, adverse possession for the requisite period. National Fireproofing Corp. v. Hagler, supra.

In this case we are dealing with wild, unimproved lands. Such was the situation in the Tensaw Land & Timber Co. case just quoted from. There we noted:

"And since the land was wholly unimproved, in a wild state, the question relates to the nature of possession of

that sort of land which will justify an enforcement of the right here involved. The nature of the possession of such land has often arisen in respect to a claim of adverse possession by one seeking to establish a claim of title against one with a record title. When the land has never been occupied in a true sense, the possession is constructive and follows the title, since no one is in the actual possession."

It is insisted by appellant that the judgment should have been in his favor because, he contends, he or his predecessors in title have acquired title to the property by adverse possession.

■ It seems to us that the validity of the contention of the appellant turns upon questions of fact. The evidence was not all in agreement. However, there was substantial evidence to the effect that the little house which appellant's predecessors claimed to have built on the land subsequent to the tax purchase, was in fact not located on the land at all. From a consideration of all the evidence the trial court resolved the factual issues in favor of appellee finding that appellant had failed to show by the facts acquisition of any right through adverse possession. We, therefore, would not be authorized to disturb that finding. Spruiell v. Stanford, 258 Ala. 212, 61 So. 2d 758.

■ Answering other contentions of appellant, which are by his own statement, less seriously insisted upon, we believe it sufficient merely to note that a bill to quiet title is a proper method to cancel a tax deed and effect a redemption; and ejectment is also proper if the tax purchaser is in possession. Morris v. Card, 223 Ala. 254(6), 135 So. 340; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202.

■ An owner of property in actual possession may bring a bill to quiet title and redeem from a purchaser at a tax sale, even though the statutory period of three years has elapsed. Code 1940, Title 51,

§ 296; National Fireproofing Corp. v. Hagler, supra. The filing of the bill to quiet title is not an admission that the tax deed is valid. Burdett v. Rossiter, supra.

■ Where the allegations of a bill show in substance that complainants are in peaceable possession of the lands, claiming to own them in their own right and that respondent claims some interest or title by virtue of a tax sale and that no suit is pending to enforce or test the validity of the respondent's claim of title, the bill is, by virtue of this section, essentially a proceeding in equity for redemption from a tax sale with the idea that the holder of the tax title shall be reimbursed for his lawful charges, and the tax title then removed as a cloud on the title of the one entitled to redeem. Moorer v. Chastang, 247 Ala. 676, 26 So. 2d 75. We find, therefore, no error in overruling the demurrer to the original bill.

■ The three year statute of limitations (Title 51, § 295) against recovery of land sold for taxes does not begin to run until purchaser is in *adverse possession* and has become entitled to demand a deed to it from the judge of probate. Perry v. Marbury Lumber Co., 212 Ala. 542(17), 103 So. 580; Loper v. Gates Lumber Co., 210 Ala. 512, 98 So. 722; Odom v. Averett, 248 Ala. 289, 27 So.2d 479; Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239.

"Unless relieved by statute, the burden is on one claiming title under a tax sale to show affirmatively that the requirements of the law with respect to such a proceeding were strictly observed. * * * Section 277, Title 51, Code of 1940 relieves one claiming under a tax title from this burden only where he claims under a tax deed executed and acknowledged by the probate judge but not when he claims under a tax deed from the state or a municipality thereof." Thomas v. Rogers, 256 Ala. 53, 53 So.2d 736.

The proof of an unbroken chain of title in complainant, possession, actual or constructive, makes out a prima facie case, casting on defendant the burden of proving his defense of the statute of limitations by evidence of actual, adverse possession, after becoming entitled to a deed as purchaser at a tax sale, for three years before commencement of the suit. Loper v. Gates Lumber Co., supra. Likewise, in the absence of actual possession by one claiming under a tax title no presumptions are indulged in favor of the regularity of proceedings for the sale of lands for the nonpayment of taxes, and one who asserts his right under such title, unless relieved therefrom by statute, has the burden of showing the validity and regularity of such proceedings. Galloway Coal Co. v. Warrior Beach Creek Coal Co., 204 Ala. 107, 85 So. 440.

The record discloses that the trial court heard the testimony of numerous witnesses, many of whom testified that respondent's predecessors were never in possession of the lands. It is clear from the above cases that failure to prove actual open, adverse possession for the statutory period is fatal to one claiming under the tax deed. Cases supra. There was substantial evidence to support the trial court's finding. It is not our province to disturb it here.

The lands involved in this proceeding were described as wild, open timber lands. Where such is the case and there has never been any real occupancy of the land, possession is regarded as constructive and follows the title of the original owner. Bobo v. Edward Realty Co., 250 Ala. 344, 34 So.2d 165

Likewise, we have held that constructive possession by the record owner (complainant) is sufficient possession by him, within the meaning of Title 51, § 296 to require some nature of suit by the tax sale purchaser to recover the land from the record owner. Singley v. Dempsey, supra. However, the record owner need not wait

to be sued under the section referred to above. Moorer v. Chastang, supra.

The trial court found that the respondent and his predecessors in title had not shown by their evidence such possession of the lands described in the tax deeds as to preclude the complainant (appellee) from his right to redeem. The trial court saw and heard the witnesses. The lands and locations of fences, houses, etc. were frequently identified to the court by the witnesses pointing their location out on charts and maps. It is abundantly clear that his finding of fact is superior to any we can make here, and should not be disturbed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.