This is a suit brought under Code 1975, § 40-10-83, for redemption of land purchased at a tax sale. The trial court allowed the redemption. The purchaser, Phillip P. Karagan, argues that the plaintiff was not in possession and so was not entitled to bring an action under § 40-10-83.
Vincent J. Greger bought the house and lot at 1280 East Carlton Acres some time prior to 1956. He failed to pay his taxes for 1981, and the state purchased the property at a tax sale on June 8, 1982. See Code 1975, § 40-10-18. On April 12, 1985, the state conveyed its interest to Phillip P. Karagan. Karagan testified that he viewed the property prior to purchasing it and again on two other occasions in 1985, and saw no sign that the property was inhabited. Photographs he took in January *Page 600 
1986 showed the yard overgrown, some of the windows broken out, the back door missing, and the house generally appearing to be uninhabited. Interior shots show trash and broken furniture strewn about and no signs of habitation.
Karagan began repairs on January 17, 1986. He replaced the back door, placed locks on the doors, replaced windows, threw out trash, painted the house, and cut the yard. On February 26, 1986, the probate court granted Thomas E. Bryant, Jr., letters of guardianship over "Vincent J. Greger, Unsound Mind." On April 7, 1986, Bryant, as Greger's guardian, filed this action against Karagan.
The evidence tended to show that Greger lived in the house until December 1985, when he was found in his house with acid burns on his back. His neighbors called for an ambulance, and he was taken to a hospital and from there to a nursing home. Greger was diagnosed as having Alzheimer's disease. Martin Davis, who lived down the street from Greger and had known him since 1945, testified that Greger had lived in the house in question continuously until December 1985. When Karagan asked him how he knew Greger had lived in the house, Davis answered:
 "Well, for three years prior to this last accident he had, every winter he'd get the flu and we neighbors would take him food. I saw him go in and out of his house, his residence. We'd pick him up sometimes out of the street and carry him home. And also, after he went to the hospital, the mailman started leaving his mail at my residence because he had that address."
Greger's wife, from whom he had been separated since 1971, also testified that he lived in the house until December 1985 and that she had visited him there regularly.
Bryant brought this action under Code 1975, § 40-10-83:[1]
 "When the action[2] is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, . . . the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed."
This Code section traces to the 1907 Code, with the only material change being the reduction of the interest rate from 25%. Code 1907, § 2312; Code 1923, § 3108; Code 1940, t. 51, § 296.
Although the Code section itself speaks only in terms of the original owner raising redemption as a defensive matter in an action brought by the tax purchaser, this Court has held that an owner in possession need not wait to be sued, but may bring an original bill to quiet title. Burdett v. Rossiter, 220 Ala. 631,127 So. 202 (1930); Georgia Loan Trust Co. v. WashingtonRealty Co., 205 Ala. 288, 87 So. 794 (1921). The Court also held very early that the statute of limitations applicable to otherwise-authorized suits for redemption, see Code 1975, §40-10-120, did not apply to claims for redemption under this Code section. Burdett, supra; Green v. Stephens, 198 Ala. 325,73 So. 532 (1916). It was also *Page 601 
held that a scrambling possession was sufficient to entitle the original owner to take advantage of the redemption provisions of this section. Bell v. Propst, 220 Ala. 641, 127 So. 212
(1930). See also Alabama Pecan Development Co. v. Case,266 Ala. 471, 97 So.2d 537 (1957).
These interpretations of the predecessors of § 40-10-83 have been applied to the present day. The conclusion that the statute of limitations does not apply has led to the further conclusion that no limitation applies; except, in Edmonson v.Colwell, 504 So.2d 235 (Ala. 1987), we held that the rule of repose may bar a claim of redemption made more than 20 years after the tax sale. See also Giardina v. Williams,512 So.2d 1312 (Ala. 1987).
Gulf Land Co. v. Buzzelli, 501 So.2d 1211 (Ala. 1987), presented a situation similar in pertinent respects to this case. The property in that case was purchased by the state at a tax sale in 1980; in September 1984, the state sold the property to Johnson, who resold it later that month to Gulf Land Company. At that time, Buzzelli could claim only the constructive possession that follows record title. SeeGiardina, supra. This Court in Gulf Land Co. concluded as follows:
 "Gulf began its acts of possession in November 1984. Buzzelli sought to redeem in April 1985. Even if Gulf's acts amount to adverse possession, the three years of continuous adverse possession that § 40-10-82 requires had not run. Buzzelli is entitled to redeem this property."
501 So.2d at 1213-14.
This Court has referred to § 40-10-82, which terminates the right to bring a redemption suit under § 40-10-83 after three years of adverse possession by the tax purchaser, as the "short statute of limitations." The rule stated in Gulf Land Co., that this statute does not begin to run until the purchaser goes into possession, has been consistently followed. See, e.g.,Williams v. Mobile[3] Oil Exploration Producing Southeast, Inc.,457 So.2d 962, 968 (Ala. 1984). Grice v. Taylor, 273 Ala. 591,143 So.2d 447 (1962); Tanner v. Case, 273 Ala. 432,142 So.2d 688 (1962); Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239
(1955); Merchants National Bank of Mobile v. Lott, 255 Ala. 133, 50 So.2d 406 (1951).
We need not decide whether Greger remained in actual or merely constructive possession after he was taken to the hospital in December 1985. Certainly prior to the time that Greger was taken to the hospital, Karagan could have ousted him only by a suit in ejectment, the very situation contemplated by § 40-10-83. Although Greger's incapacity caused the premises to have an appearance of abandonment and caused his possessions in the house to be in an extreme state of disarray, under the circumstances he should be deemed to have retained at least a scrambling possession with Karagan until the filing of this suit. At any rate, the question of whether he was in possession at the time he filed suit is immaterial under the rule of GulfLand Co. that the owner's right of action is not extinguished until the tax purchaser has retained adverse possession for three years, or the owner's claim of redemption was barred by the rule of repose, Edmondson v. Colwell, supra.
For the foregoing reasons, the trial court correctly allowed Bryant, as Greger's guardian, to redeem the property. Karagan argues that he is entitled to a lien for the improvements he made to the property, but Bryant correctly points out that Karagan made no such claim in his pleadings. Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, BEATTY, ADAMS and HOUSTON, JJ., concur.
[1] We see no reason why the action could not have been brought under § 40-10-120, which does not require possession. Under that section, an action may be brought at any time before title passes out of the state, within three years after a sale to any other purchaser, or within one year of the removal of a disability. See also § 40-10-82. Because the action was not tried on this basis, we make no judgment on this question.
[2] This refers to an action for possession of the land brought by the purchaser at a tax sale. See § 40-10-74 et seq.
[3] This party's name was spelled Mobile in the reporters; it is apparent from the opinion itself that the party was "Mobil Oil, etc." *Page 602