EMBRY, Justice.
This is an appeal by plaintiff, Doris A. Cobb, from a final judgment in favor of defendants, Frank E. Brown and Margaret K. Brown, granting them the right to redeem certain real property and awarding them monetary damages for conversion of timber; that award was offset by plaintiff’s attorney fees and back taxes plus interest. We affirm.
This is the second time this case has been before us. See Cobb v. Brown, 361 So.2d 1069 (Ala.1978). In the first appeal, we reversed the judgment below and remanded the case for further proceedings on the ground that neither party had the necessary peaceable possession of the property to maintain an action to quiet title. We specifically found that the Browns had “scrambling possession,” insufficient to maintain an action to quiet title. Therefore, we remanded the case for further proceedings, especially pretermitting the issue of redemption under § 40-10-83, Code 1975, and all other considerations. Our original opinion should be referred to for a complete statement of the facts in this case.
*287 On remand the Browns wrote a letter to the trial court asking it to allow them to redeem the property pursuant to § 40-10-83, Code 1975, and to award them $1000 in damages for conversion. The plaintiff, Cobb, treated the letter as a motion. After she filed a motion to quash that letter-motion, the trial court conducted an ore tenus hearing at which the case was submitted on both testimony and documentary evidence. Judgment in favor of the Browns resulted.
Cobb now contends the Browns waived the right to redeem under § 40-10-83, Code 1975, because they did not file a motion requesting redemption under that code provision before the first trial. That section reads as follows:
“When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time •before the trial of the action, ascertain the amount paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney’s fee for the plaintiff’s attorney for bringing this action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed.” (Emphasis added.)
We cannot agree with Cobb’s contention. This case was remanded specifically for the trial court to decide the issue of redemption under § 40-10-83. The Browns filed their motion before the trial court conducted any proceedings on remand. That motion sufficiently complied with § 40-10-83. Moreover, the Browns raised the issue of re- . demption in their counterclaim to plaintiff’s complaint.
There is absolutely no merit to plaintiff’s res judicata arguments since we specifically pretermitted all other considerations in our first opinion. We specifically determine on the first appeal that the Browns had “scrambling possession.” “Scrambling possession” is sufficient to permit redemption under § 40-10-83. Tanner v. Case, 273 Ala. 432, 142 So.2d 688 (1962). The trial court took evidence ore tenus in determining, on remand, the Browns’ right to redeem and recover damages for conversion. That judgment will not now be overturned. It is neither clearly and palpably erroneous nor manifestly unjust.
Accordingly, the judgment must be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and BEATTY, JJ., concur.