15 So.2d 411

**TENSAW LAND & TIMBER CO. v. RIVERS et al.**

I Div. 193.

Supreme Court of Alabama.

Oct. 21, 1943.

Gaillard & Gaillard, of Mobile, for appellant.

Wm. G. Caffey, of Mobile, for appellee Moorer.

FOSTER, Justice.

■ This appeal is governed by section 3108, Code of 1923, then in effect (see section 296, Title 51, Code of 1940).

■ The purpose of that statute was to save to an owner of land sold for its taxes the right to redeem it without limit of time provided he has such possession of it, as may be sufficient for that purpose. And he need not wait until the purchaser at tax sale sues to recover the land, but while so in possession he can go into equity and enforce his right to redeem. National Fireproofing Corp. v. Hagler, 226 Ala. 104, 145 So. 421; Georgia, etc., Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Chesnutt v. Morris, 223 Ala. 46, 135 So. 344; Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401; Bell v. Propst, 220 Ala. 641, 127 So. 212; Morris v. Card, 223 Ala. 254, 135 So. 340, 344; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202.

We said in Bell v. Propst, supra, that the complainant must have such possession as will require some nature of suit by the purchaser at tax sale to recover it of him; but that it need not be such peaceable possession as will justify a statutory bill to quiet title: it may be a scrambling possession. Chesnutt v. Morris, supra. And

in National Fireproofing Corp. v. Hagler, supra, it was also observed that constructive possession is sufficient.

■ In this case the only question which is important is whether the landowner and his successors in estate had sufficient possession of the land at the time the instant suit was filed. Chesnutt v. Morris, supra. And since the land was wholly unimproved, in a wild state, the question relates to the nature of possession of that sort of land which will justify an enforcement of the right here involved. The nature of the possession of such land has often arisen in respect to a claim of adverse possession by one seeking to establish a claim of title against one with a record title. When the land has never been occupied in a true sense, the possession is constructive and follows the title, since no one is in the actual possession. The claim of ownership or the intention to assert title is not actual possession in the absence of demonstration by acts done upon the property constituting indicia of ownership. Rare and widely separated acts, no matter how clearly they may have indicated a purpose to claim title, do not show a possession sufficient for the purpose of acquiring title by that means. Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann.Cas. 1915C, 1058.

■ Mere casual acts of ownership as where one authorized persons to go upon land to cut timber, payment of taxes, and requesting another to look after the premises do not constitute adverse possession. Adler v. Prestwood, 122 Ala. 367, 24 So. 999; Montgomery v. Spears, 218 Ala. 160, 117 So. 753; Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850; 2 Corpus Juris Secundum, Adverse Possession, § 38, p. 550. Although there may be certain sorts of acts of possession, which, if continued and uninterrupted, will be sufficient, though the land is wild. Aiken v. McMillan, 213 Ala. 494, 106 So. 150.

■ In this case the question is not specifically whether the purchaser at the tax sale or the taxpayer acquired title after the sale by adverse possession. The legal effect of that sale is not here questioned. But it is whether the right to redeem by the owner who was the taxpayer has been cut off (section 3108, supra) by reason of the possession of such tax purchaser. So that the issue as to possession by the tax purchaser resembles that sort of possession which is sufficient for the acquisition of

title by adverse possession. We think that the right of redemption here involved is not cut off by the possession of the tax purchaser unless it is of the same character as would be sufficient to comply with the law of adverse possession. And, carrying the analogy further—that in the absence of any actual, visible, continuous possession of the land by the purchaser under a tax sale, the constructive possession should be regarded as in the owner of the right of redemption so as to preserve it under section 3108, supra, if he previously had the actual possession which was not thus interrupted. Also that the owner cannot be lulled into security and into the belief that he can have the benefits of that statute whenever he wishes to do so, and then be cut off unless the purchaser manifests indicia of possession in clear, obvious, continuous and unambiguous acts showing a possession and claim hostile to the right of redemption by the taxpayer.

■ The doctrine that the possession of a small portion of the land included in the document extends to the boundaries described therein as discussed in Marietta Fertilizer Co. v. Blair, 173 Ala. 524, 56 So. 131, can never have application when such person declares that he does not claim possession of it all, especially when it is disputed that the small area is in fact a portion of the tract in controversy.

There is no question but that the predecessors in interest of this appellant were the fee simple owners of the land. They had all the valuable timber cut off before the tax sale, and then had actual possession of the land. After the tax sale, there was a second growth of no commercial value, and it was not useful for any financial undertaking. They had adjoining land and had and maintained general supervision of it all protecting the young timber as it grew to maturity. The tax purchaser's wife had a small clearing on thirty-two acres adjoining it, and he himself had other lands in the vicinity, of what sort is not shown. He may have included in the garden on his wife's land a small strip of it about twenty-eight feet by one hundred and fifty feet out of the six hundred acres involved. If this was actual possession it was presumably that of his wife, who had no color of title to the land in controversy. But there is much dispute as to whether that was a part of it at all. When his acts are construed in the light of the principles we have mentioned, he exercised no such possession of any of it as to justify a finding that he was in the actual adverse possession under claim of hostile right. He agreed expressly not to do so. The pig pen and goat pasture were not shown to have been adverse and continuous, nor when begun or ended, nor their size or location. There was no timber cutting: no timber was on the land.

The question is whether that possession under those circumstances was such as to cut off redemption by the owner of the redemption right, who was continuously declaring a purpose to exercise it and had general superintendence of it all to the knowledge of the tax purchaser, and by his consent, expressly given.

The tax purchaser died about 1936, leaving a widow as administratrix, and also heirs at law. The widow continued to live on the thirty-two acres and sometimes may have used the garden. She has not resisted redemption, and it was decreed against her. The other heirs have done no act to show a claim of title, nor an indication of possession.

Appellee has become the purchaser of the interests of the heirs, other than the widow. He has done no act of actual possession hostile to that of appellant. Whether he agreed to respect that right before he purchased from the heirs is disputed in the evidence.

■ We think under the evidence in this case appellant and his predecessors certainly at one time had actual possession under their title and continued in such possession as to require an action against them to recover it. "When actual possession is shown, under color of title, the said possession is presumed to continue, in the absence of any proof of an abandonment." Buck v. Louisville & N. R. Co., 159 Ala. 305, 48 So. 699, 700; Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174. If it remained in the same sort of possession as before the tax sale the tax purchaser would not be justified in seizing it. A suit to oust one in constructive possession when no one is in actual possession is as necessary as a suit against one in the actual possession. 19 Corpus Juris 1068, notes 17, 18, and 19; 28 C.J.S., Ejectment, § 25, notes 90, 91, and 92; 18 Am.Jur. 48, note 1; Roszel v. Roszel, 73 Mich. 133, 40 N.W. 858, 16 Am.St.Rep. 570. Merely because he finds no one at all times on the premises does not justify an entry.

We do not think that the tax purchaser ever took such possession of the six hundred acres as to deprive the owner taxpayer of the nature of possession sufficient to justify a suit to redeem under section 3108, Code of 1923.

The decree is therefore reversed and one is here rendered adjudging and decreeing that complainant has the right of redemption claimed and the cause is remanded so that the amount necessary to be paid may be ascertained and the time of payment be fixed and decreed, and all other questions determined.

Reversed, rendered and remanded.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.