143 So.2d 447

Charles D. GRICE et al.

v.

Thomas J. TAYLOR et al.

1 Div. 25.

Supreme Court of Alabama.

July 12, 1962.

**592**

Thompson & White, Bay Minette, for appellants.

J. B. Blackburn, Bay Minette, for appellees.

SIMPSON, Justice.

Complainants (appellees) filed a bill of complaint on September 27, 1955 against the respondents (appellants) praying for an injunction to restrain respondents from cutting timber and trespassing on the property involved in this suit. Complainants sought also damages for the trespass committed in cutting and removing timber from the property.

There is no need to encumber this recital with all the various interlocutory pleadings which were filed before the case was at issue. Suffice it to say that ultimately respondents filed an amended motion to redeem the lands from tax sale and complainants filed an amended bill so as to make the case a proceeding in personam to quiet title to the forty acres involved.

The trial court, after hearing the testimony, rendered a final decree denying respondents' motion to redeem from tax sale, quieting title in complainants, and permanently enjoining respondents from trespassing on the property, and entered a decree in favor of complainants and against respondent Charles D. Grice for $700.00 for trespass committed by him in cutting and removing timber from the property.

From this decree respondents have appealed.

Appellees have filed a motion to dismiss the appeal on the ground that the appeal came too late. The final decree is dated April 24, 1961, and the appeal was taken October 24, 1961. Appellees contend that this is not timely under the provisions of Title 7, § 788, Code of Alabama of 1940, which requires the appeal to be taken "within six months".

The motion to dismiss is not well taken. Title 1, § 12, Code of 1940, provides that in computing time the first day is excluded and the last day included. The question raised was settled in Boyett v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546. We held in that case, where the final decree was rendered January 25, 1906, and the appeal taken January 25, 1907, under a statute providing that appeals must

be taken "within one year from the rendition of the judgment or decree" that the appeal came in time. See also Odom v. Odom, 272 Ala. 164, 130 So.2d 10, and cases therein cited.

We turn then to the merits of the case.

Respondents (appellants) are the heirs of C. F. Grice, deceased, who died intestate in 1918, leaving surviving him a widow, and for the purposes of this case, these appellants. Appellants introduced a certified copy of a quitclaim deed from Samuel M. Pickler and John B. Foley to C. F. Grice, dated July, 1905, and recorded July 17, 1905, which deed conveyed the property involved in this litigation.

Complainants offered in evidence a certified copy of a tax deed from the State of Alabama, by Auditor, to T. L. Taylor, dated April 19, 1922, and filed for record January 18, 1927. Further exhibits by complainants (appellees) complete the chain of title from this tax deed to the present appellees.

Concededly, the tax deed, under which appellees claim, is invalid. No notice of the sale was given respondents (appellants) and the lands were sold during the minority of one of the respondents and during the time when the widow of C. F. Grice was living. The record, however, shows without dispute that T. L. Taylor, appellees' predecessor, got a tax deed to the property in 1922 and that he and those who claim title through him paid taxes on the property from 1922 up until the time of the filing of the bill in 1955. None of the appellants has paid taxes on the land since 1922 up until 1953, and in fact the record shows that during most of the time since 1922 all of them have lived outside the state of Alabama.

The widow of C. F. Grice died in North Carolina in 1943. At all times pertinent to this case, all other respondents had attained full age.

After hearing all of the evidence the trial court found that complainants (appellees) were in possession of the property involved at the time the suit was filed and that no suit was pending to test their title; that the respondents and each of them failed to prove their title to the property and have failed to prove the allegations of their motion to redeem the property from tax sale, and that their right to redeem the property is barred by the Short Statute of Limitations (Title 51, § 295, Code of Alabama 1940).

The question before us is whether there was legal evidence before the trial court sufficient to sustain the decree vesting title to the land in appellees. We hold there was. It is conceded that this so-called short statute of limitations applies alike to valid and void tax sales, even though the void sale was made before it has such application, where actual, open and notorious adverse possession for three years by the tax purchaser or his successor in title is proved. Morris v. Mouchette, 240 Ala. 349, 199 So. 516; Odom v. Averett, 248 Ala. 289, 27 So.2d 479; MacQueen v. McGee, 260 Ala. 315, 70 So.2d 260. Of course, the statute does not begin to run until the purchaser is in adverse possession and has become entitled to demand a deed to the property from the Judge of Probate. Perry v. Marbury Lumber Co., 212 Ala. 542, 103 So. 580; Loper v. E. W. Gates Lumber Co., 210 Ala. 512, 98 So. 722; Odom v. Averett, supra; Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239.

The question of adverse possession is one of fact in each case to be determined by the trier of the facts. In this case, the trial judge. There was ample evidence to support his finding. The record shows that appellees or their predecessor in title worked the trees for turpentine for several years and that such operations were plainly visible from the public road. These acts of possession have been determined by this court to be effective

**594**

notice of occupancy and possession of land of the type involved here. Moorer v. Malone, 248 Ala. 76, 26 So.2d 558. See also Pfaffman v. Case, 259 Ala. 411, 66 So.2d 890.

We believe that the record supports a finding by the trial court that the appellants are barred by Title 51, § 295, Code 1940. Since the evidence was taken ore tenus on the question of adverse possession for the prescribed period, we will not disturb it here unless the conclusion is clearly and palpably erroneous. This we can not say. Parrish v. Davis, 265 Ala. 522, 92 So.2d 897; Laney v. Dean, 267 Ala. 129, 100 So.2d 688.

We are constrained to hold that the assignments of error are without merit.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.