This is an appeal by plaintiffs Perry A. Hand and Joan H. Hand and a cross-appeal by defendant Marilyn M. Stanard from a final decree rendered in favor of defendant A.C. McDonald in an action for specific performance of a contract to convey property. We affirm the decree.
The subject property is an undeveloped beach front lot located on Fort Morgan Peninsula in Baldwin County. It was purchased in 1935 by Gulf Beach Land and Development Corporation. In 1957, the county tax assessor erroneously assessed the lot as "owner unknown," and it was sold for taxes to A.C. McDonald. He received a tax deed for the lot in 1960. In 1969, Gulf Beach Land and Development Corporation contracted to sell the lot to Perry and Joan Hand, the purchase price to be paid in installments, and to give a warranty deed and guaranty of title to the purchaser when the full purchase price of $4,500 was paid. In September, 1974, Gulf Beach conveyed its interest in this and other lots to Boykin Investments, Inc., subject to the grantor's obligation "under various existing contracts of sale made by Grantor." In October, 1974, Boykin Investments conveyed this lot and others to Marilyn Stanard subject to the same conditions as contained in the conveyance to it from Gulf Beach. Stanard was unaware of the tax sale to McDonald and paid the taxes on the lot during her ownership.
In 1976, the Hands tendered the balance of the purchase price to Stanard and requested conveyance of the property with warranty deed and guaranty of title. Stanard refused, stating that she had recently discovered McDonald's tax deed; she offered to convey whatever interest she had in the property. The Hands commenced this action against Stanard and McDonald. They demanded specific performance of the contract and damages and a judgment ordering Stanard to redeem or buy back the lot from McDonald and convey it to them; the Hands claimed that McDonald had no interest in the lot. McDonald affirmatively asserted that the action to redeem was barred by Ala. Code 1975, § 40-10-82, as it was brought more than three years after the tax sale and that he had acquired title by adverse possession under Ala. Code 1975, § 6-5-200. The court rendered partial summary judgment against Stanard, requiring her to fulfill the contract of sale by reacquiring title or redeeming the suit property from McDonald, dependent on the nature of McDonald's interest, which was to be determined at trial. The court granted partial summary judgment declaring the tax sale invalid.
At trial, the court, without a jury, heard, ore tenus, testimony concerning the quality of McDonald's possession. McDonald introduced evidence that the lot had been assessed in his name and that he had paid taxes on it since 1957. He had it surveyed and the corners marked in 1959 and had visited it four or more times each year. He put up metal "No Trespassing" signs, which were subsequently removed by persons unknown. He gave permission for a friend to picnic on it and had done so himself with his family and friends. He cleared some trash from the lot and told teenage neighbors not to dump trash on it. In 1975, he sold an option on the lot and the vendee put a "For Sale" sign on the property. Stanard introduced evidence that the neighbors, who saw the lot on a daily basis, were unaware of McDonald's claim and had never seen him on the property.
The court made no specific findings of fact but determined that "the plaintiffs are not entitled to relief against defendant McDonald but are entitled to a judgment against defendant Stanard." The court decreed that "McDonald is the owner of the lot in question" and that, "as it is impossible *Page 1159 
for defendant Stanard to specifically perform the contract, the plaintiffs are hereby granted a money judgment against defendant Stanard in the amount of the payments made by them under the contract together with interest at the rate of 6% from the 15th day of July, 1969."
The appellants assert that the court erred in holding that McDonald was the owner of the lot. We disagree. The question of adverse possession is one properly determined by the trier of fact. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548 (1966). When judgment is based on evidence taken by the trial court oretenus, it will not be set aside unless clearly erroneous or unsupported by credible evidence under any reasonable aspect of that evidence. English v. Brantley, 361 So.2d 549, 551 (Ala. 1978), Hill v. Delchamps, 294 Ala. 14, 310 So.2d 871 (1975). In the absence of specific findings of fact by the trial court, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. O'Connor v. Rabren,373 So.2d 302, 304 (Ala. 1979).
The trial court's decree is clearly not erroneous. The record supports its judgment that McDonald owned the lot. McDonald's adverse possession was sufficient to establish his claim under Ala. Code 1975, § 6-5-200[1], and to bar redemption under Ala. Code 1975, § 40-10-82[2], and § 40-10-83[3].
McDonald satisfied the statutory requirements of § 6-5-200 as he had color of title in the 1960 recorded tax deed and had paid taxes on the land for the years 1957 until the present. He has, in addition, met all essential elements of adverse possession.
 ". . . In order to establish adverse possession, as against the holder of the legal title, `the law is stringent in requiring clear proof of the requisite facts. There must be, first, an actual occupancy, clear, definite, positive, and notorious; second, it must be continued, adverse, and exclusive during the whole period described by the statute; third, it must be with an *Page 1160 
intention to claim title to the land occupied.' — Washburn on Real Property (4th Ed.) pp. 135, 136. McDaniel v. Sloss-Sheffield Steel and Iron Co., 152 Ala. 414, 44 So. 705 (1907). . . ."
 . . . [A] very strict burden of proof rests upon the party claiming title by [adverse possession].
Courtney v. Boykin, 356 So.2d 162 (Ala. 1978)
It is not necessary to physically reside upon land to establish title by adverse possession. Moorer v. Malone,248 Ala. 76, 26 So.2d 558 (1946). Land need only be used by an adverse possessor in a manner consistent with its nature and character — by such acts as would ordinarily be performed by the true owners of such land in such condition. Bell v. Denson,56 Ala. 444 (1876); Ala. State Land Co. v. Matthews, 168 Ala. 200,53 So. 174 (1910). The acts of ownership and dominion necessary for adverse possession of a vacant lot need not and cannot be the same as with respect to a lot covered with valuable improvements or on which there is a residence. 2 C.J.S. Adverse Possession § 38 (1972). McDonald's acts of possession were those of a true owner of an undeveloped beach front lot. Thomas v. Rogers, 256 Ala. 53, 53 So.2d 736 (1951);Turnham v. Potter, 289 Ala. 685, 271 So.2d 246 (1972); O'Connorv. Rabren, 373 So.2d 302 (Ala. 1979). He exercised dominion over the land for longer than the requisite ten-year period, and the record shows that he has maintained his burden of proof.
The appellants have stressed that the evidence in Courtney v.Boykin, supra, was infinitely stronger than that in this case and that this Court reversed that ore tenus holding. They, thus, contend that we should also reverse this decree. InBoykin, however, we reversed because the adverse possession was for an insufficient period and held that the trial court was clearly wrong in considering possessory acts prior to the date of the foreclosure deed. 356 So.2d at 166. We did not hold the possessory acts themselves to be insufficient and that holding does not preclude this one.
We now turn to the issue of redemption. Ala. Code 1975, §40-10-82, establishes a "short statute of limitations" for tax deed cases. The "short period" begins to run when the purchaser is entitled to demand a tax deed and is in adverse possession of the land. Grice v. Taylor, 273 Ala. 591, 143 So.2d 447
(1962). The invalidity of the tax sale is immaterial if adverse possession is proved for the three-year period. Van Meter v.Grice, 380 So.2d 274 (Ala. 1980). As previously stated, we find the trial court's implicit finding of adverse possession by McDonald to be correct. Appellant Standard's action to redeem is, therefore, barred by § 40-10-82. The appellant asserts, however, that her right to redeem under § 40-10-83 is not barred.
The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser, Tensaw Land and TimberCo. v. Rivers, 244 Ala. 657, 15 So.2d 411 (1943); O'Connor v.Rabren, 373 So.2d 302 (Ala. 1979). As previously discussed, McDonald's acts of possession were sufficient to constitute adverse possession of the vacant beach lot. Thus, the short statute of limitations of § 40-10-82 bars redemption under §40-10-83 as McDonald, the tax purchaser, has been in continuous adverse possession for three years after his entitlement to demand a deed. O'Connor v. Rabren, supra.
We, thus, affirm the trial court's decree that McDonald is the owner of the lot.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] "§ 6-5-200. When title to land conferred or defeated;. . . .
 "(a) Adverse possession cannot confer or defeat title to land unless:
 "(1) The party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for 10 years before the commencement of the action;
 "(2) He and those through whom he claims shall have annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action if the land is subject to taxation; or
 "(3) He derives title by descent cast or devise from a predecessor in the title who was in possession of the land. . . ."
[2] "§ 40-10-82. Limitation of actions.
"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of 19 years or insane, he, his heirs or legal representatives shall be allowed one year after such disability is removed to bring an action for the recovery thereof; but this section shall not apply to any action brought by the state, nor to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold prior to such sale, nor shall they apply to cases in which the real estate sold was not, at the time of the assessment or of the sale, subject to taxation."
[3] "§ 40-10-83. Effect of payment by original owner or assignee.
"When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with six percent per annum thereon, and a reasonable attorney's fee for the plaintiff's attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed." *Page 1161