EMBRY, Justice.
This is an appeal from a final judgment quieting title to real property in Mary Y. Grice in an action brought by her against Marjorie Grice Van Meter and others through statutory in rem proceedings provided for in Code 1975, § 6-6-560, et seq.
The public battle over title to these lands began, of record, in 1955. See Grice v. Taylor, 273 Ala. 591, 143 So.2d 447 (1962). The battle was renewed when this action was filed in 1974. It was tried to judgment, appeal taken to this court, and by it affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion so ordering. Van Meter v. Grice, 380 So.2d 274 (Ala.1980). This appeal is from the judgment entered below after proceedings on remand. We affirm.
The thorough, specific and articulate recitation of facts and discussion of applicable principles of law by Justice Jones in that opinion makes it unnecessary for us to burden this opinion with any attempt to further elucidate either.
The. pertinent portions of the judgment here under consideration read:
“The Appellate Court remanded this cause to have the trial court determine whether equitable estoppel should prevent Mary Y. Grice from claiming the entire title to the lands in litigation.
“The Appellate Court asks:
*937 “ ‘Are there other equitable considerations that will create title in the Defendants resulting from trust and confidence and continued possession by Mary Y. Grice in such a manner as to lull the Defendants into a false sense of security?’
“This cause having come before the Court and testimony having been taken ore tenus both at the first trial in this cause and taken upon remand of this cause, the Court makes the following findings of fact:
“1. Before the death of Charles Dudley Grice and continuously thereafter, Mary Y. Grice claimed the whole title to the land.
“2. Mary Y. Grice brought her claim of sole ownership to the Defendants’ attention.
“3. She did nothing that would lull defendants into a sense of false security.
“4. The relationship of trust and confidence was broken by Mary Y. Grice’s actions and her statements to the Defendants.
“5. After she made her claim to whole property, the Defendants remained passive until this suit was filed.
“This Court’s answer to the aforesaid question is: ‘No’. It is therefore;
“ORDERED, ADJUDGED and DECREED as follows:
“1. The defendants had no title in the East half of the Northwest quarter of the Section 10, Township 3 South, Range 2 East, and none was ever created for them by Mary Y. Grice.
“2. Mary Y. Grice is not equitably es-topped from claiming the title to this land against the other Grice heirs.
“3. The title to the East half of the Northwest quarter of Section 10, Township 3 South, Range 2 East, in Baldwin County, Alabama, is now quieted in Mary Y. Grice. It is further;
“ORDERED, ADJUDGED and DECREED that the costs of these proceedings shall remain the same as set out in the final judgment entered in this cause in August 1978, except that the cost of the proceedings on remand be taxed against Mary Y. Grice.”
The judgment below, entered after ore tenus trial, is attacked essentially upon the bases that there is insufficient evidence to support it, it is contrary to the great weight of the evidence, or it is erroneous as a matter of law. More particularly, appellants say, there were equitable considerations creating title in them resulting from the trust and confidence placed in C. D. Grice and Mary Grice by them; there was sufficient evidence to justify imposing a constructive trust in favor of appellants; and, as a matter of fact and law, appellants either had an interest in the property or an interest was created in it in their behalf by Mary Grice. We find no merit in these contentions.
The dispositive issue on this appeal is whether, under the ore tenus rule, the judgment below is due to be affirmed.
The trial court correctly stated the issue for its determination on remand under the mandate of this court: whether equitable estoppel should prevent Mary Y. Grice from claiming the entire title to the lands in litigation. It was so stated, as noted, in the final judgment with which this appeal is concerned and after adducing additional evidence, ore tenus. This additional testimony was presented by the litigants in support of their respective contentions regarding the issue mandated to be resolved. A careful examination of the additional evidence shows that, although it might be said to be in conflict, its tendencies substantially favor the contentions of appellee Grice; that evidence, without question, fully supports the findings and conclusions of the trial court. This being true, there is no need to cite authority for the rule that the judgment, the action having been tried without a jury, is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.