Defendant Charles Harris appeals from the Baldwin County Circuit Court's judgment wherein the court held that Pinelog Properties, Inc., owned a fee simple title to approximately ten acres of land. We affirm.
Briefly, the facts of this case are as follows:
George P. Woolf testified at trial that he purchased the ten acres of land which is the subject of this action in 1962, and *Page 1114 
immediately thereafter went into possession of the property, cut timber himself and allowed M.D. Cox Timber Company to cut timber on the property. According to Woolf, Carey Harris cut timber for him in 1973 and 1977. Woolf leased the property to A.G. Moore for hunting purposes in 1972, and Moore hunted on the property nearly every weekend during hunting season from 1972 until Woolf sold the property to Pinelog Properties, Inc. Moore had also planted food crops and placed tree stands on the property.
Woolf assessed and paid taxes on the property from 1962 until 1983, and he also leased the property for oil, gas, and mineral purposes twice during that period. In 1983, Woolf sold the ten acres of wild, uncultivated land to Odell Robinson as president of Pinelog Properties, Inc. On September 15, 1983, Pinelog filed an action to quiet title to the ten-acre tract. The case was tried to the court sitting without a jury on November 6, 1984, and the court made the following findings of fact:
 1. That all persons who could have a claim in or to the said real property described in the complaint are before this court and that their interest therein, if any, will be finally and conclusively determined by this decree.
 2. That the plaintiff Pinelog Properties, Inc., a corporation, at the time of filing the complaint in this cause, claimed in its own right a fee simple title to and was in the actual, peaceable, notorious, adverse possession of the property described in the complaint.
 3. That the possession of said lands by complainant and those through whom it claims title has been continuous, actual, peaceable, notorious and adverse for a period in excess of twenty years.
 4. That the complainant and its predecessors in title have held title to said parcel of land for a period in excess of twenty years next preceding the filing of the complaint in this cause and that it and those through whom it claims title have paid taxes on the lands described in said complaint during the whole of such twenty year period and that no other person has paid any taxes on said lands during any part of said period.
 5. That at the time the complaint was filed in this cause there was no suit pending to test the title to, interest in, or right to possession of said lands.
 6. That the complainant has exercised due diligence to ascertain the facts with regard to unknown defendants.
 7. Upon consideration of all of the evidence presented in this cause, the court is of the opinion that all of the averments of the complaint are true and that complainant is entitled to the relief prayed for in its complaint.
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court as follows:
 A. All persons who could possibly have a claim in or to the real property described in the complaint in this cause are before the court and that their interest therein is finally and conclusively determined by this decree.
 B. That the complainant in this cause, Pinelog Properties, Inc., a corporation, is the owner of a fee simple title in and to the real property described in the complaint which said real property is located in Baldwin County, Alabama and more particularly described as follows to-wit:
[Description omitted.]
 C. That none of the defendants in this cause have any right, title, interest, claim or encumbrance upon the real estate described in the complaint and in the preceding paragraph except for a parcel approximately 30 feet square upon which there are three or four members of the Rice family buried and which parcel the court sets aside to said Rice family.
Harris appeals from this judgment, arguing that the acts of ownership on the part of Woolf are just the type of sporadic acts this Court has held are insufficient to show adverse possession. Harris maintains that Pinelog failed to meet its burden of proving that Woolf was the exclusive owner of the property and that no one else exercised any control over the property. Moreover, Harris *Page 1115 
contends that he and his family engaged in activities which evidenced their possession of the property, such as leasing the property for hunting purposes and burying deceased family members on the land.
In Thomas v. Davis, 410 So.2d 889 (Ala. 1982), we discussed the standard of review to be used in a case like the one subjudice, stating:
 Where the trial court has heard the evidence ore tenus, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala. 1980); Gertz v. Allen, 376 So.2d 695 (Ala. 1979). This rule is especially applicable in cases where the trial court makes its findings of fact after hearing conflicting evidence; every presumption is indulged in favor of the court's findings of fact and those findings will not be disturbed unless palpably wrong. Leslie v. Pine Crest Homes, Inc., supra; Vance v. Alliance Community Center, 374 So.2d 312 (Ala. 1979).
 This is so because the trier of fact, the trial court without a jury, unlike an appellate court later reviewing the matter from a written record, occupies a position of peculiar advantage enabling it to see and hear firsthand the evidence as it is presented. From that vantage point the trier of fact can observe the demeanor of the witnesses, listen to the inflections and intonations of their voices during oral testimony, and study their eyes, facial expressions, and gestures — all of these sensory perceptions which play a critical role in the factfinder's determination of which witnesses are to be afforded credibility when conflicting testimony is given. Consequently, this court will rarely disturb the judgment of the trial court in a boundary line dispute or adverse possession case which turns on issues of disputed facts.
410 So.2d at 892.
Therefore, the dispositive issue on appeal is whether the trial court's findings were clearly erroneous or manifestly unjust, thus requiring a reversal.
In this case, it appears that Woolf indeed engaged in activities which were sufficient to establish his claim of ownership of the property. In Hand v. Stanard, 392 So.2d 1157
(Ala. 1980), this Court stated:
 It is not necessary to physically reside upon land to establish title by adverse possession. Moorer v. Malone, 248 Ala. 76, 26 So.2d 558 (1946). Land need only be used by an adverse possessor in a manner consistent with its nature and character — by such acts as would ordinarily be performed by the true owners of such land in such condition. [Citations omitted.]
392 So.2d at 1160. Also, as this Court stated in Smith v. Cook,220 Ala. 338, 124 So. 898 (1929):
 If the land is woodland, there must ordinarily "be such a continuous and persistent cutting of timber or wood from the tract, as to be evidence of a claim of ownership, and an advertisement to the world that the party is occupying the entire tract" (Green v. Marlin, 219 Ala. 27, 121 So. 19, 22, and citations), or some other continuous acts of adverse possession (Montgomery v. Spears, 218 Ala. 160, 117 So. 753). [Emphasis added.]
220 Ala. at 341, 124 So. at 900.
We are of the opinion that there is credible evidence to support the trial court's resolution of this case. The land in question is uncultivated, and only suitable for hunting, raising animals, and for planting some crops. From 1962 until 1983, timber was cut five times on the property. R.L. Cox testified that timber is usually cut from property like this every ten or twelve years. In addition to cutting timber, Woolf, Pinelog's predecessor in title, paid the taxes on the property for over twenty years, and leased the property for hunting, as well as for oil, gas, and mineral purposes. These actions of Woolf were clearly those of an owner of property.
Harris also argues that Woolf's possession was not exclusive, as members of his family are buried on the land. The trial court took this into consideration, and severed *Page 1116 
the part of the property which serves as a cemetery from the ten-acre tract. Defendant, Charles Harris, has failed to prove that the trial court's findings were clearly erroneous or manifestly unjust. Therefore, and in accordance with Thomas v.Davis, supra, the judgment of the trial court is affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and SHORES, JJ., concur.