ADAMS, Justice.
Jim Walter Homes, Inc. (“Jim Walter”) appeals from the trial court’s order granting a new trial to Acie Blake, Emma Blake, and Joe Bendor, subsequent to the trial court’s judgment that Jim Walter was entitled to possession of property in Elmore County on which it held a mortgage executed by the Blakes, but which was sold at a tax sale to Bendor.
The record reflects that the property was sold for taxes to Joe Bendor on June 28, 1982, following a decree ordering it sold for taxes due from Acie and Emma Blake dated April 19,1982. On July 11, 1985, a deed conveying the property to Bendor was executed by the Elmore County judge of probate and recorded, pursuant to Ala.Code 1975, § 40-10-29. Jim Walter’s right of redemption arises from a mortgage executed on April 15, 1978, by Acie and Emma Blake to Jim Walter. The record reflects that, after the tax sale, Bendor collected rent from the Blakes and allowed them to continue living on the property. Meanwhile, no payments were made on the note secured by the mortgage to Jim Walter.
Jim Walter filed a complaint against Acie and Emma Blake on January 21, 1987, seeking possession of the property and damages; a second complaint was filed against Joe Bendor on May 22, 1987, seeking possession and damages. After consolidation of the two cases, the trial court entered judgment for Jim Walter on both complaints, upon the condition that Jim Walter comply with Ala.Code 1975, § 40-10-122 (“[Bendor] is entitled to a lien against the property in the amount of $344.26 plus 6% interest per annum”). Bendor moved for a new trial on grounds that the trial court misapplied the statute of limitations; that redemption was not made in accordance with § 40-10-122; that Jim Walter failed to redeem the property within three years from the date of the tax *163 sale or within one year from receipt of written notice; and that Jim Walter failed to plead facts essential for redemption. The trial court granted the motion for new trial on March 7, 1988, without opinion.
Consequently, the issue for our review is whether the trial court erred in granting Bendor’s motion for a new trial. Ala.Code 1975, § 40-10-120, provides, in part:
“Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes out of the state or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs or personal representatives, or by any mortgagee or purchaser of such lands.... If the mortgage or other instrument creating a lien under which a party seeks to redeem is duly recorded at the time of said tax sale, the said party shall, in addition to the time herein specified, have the right to redeem said real estate sold, or any portion thereof covered by his mortgage or lien, at any time within one year from the date of written notice from the purchaser of his purchase of said lands at tax sale served upon such party, and notice served upon either the original mortgagees or lienholders or their transferee of record, or their heirs, personal representatives or assigns shall be sufficient notice. ” (Emphasis added.)
It should first be noted that although § 40-10-120 refers to “three years from the date of the sale,” this has been interpreted as three years from the date of the issuance of the tax deed, “the ‘final, consummating act of sale.’ ” Van Meter v. Grice, 380 So.2d 274, 278 (Ala.1980), citing Pugh v. Youngblood, 69 Ala. 296, 298 (1881). Therefore, the time for Jim Walter’s three-year right of redemption began to run on July 11, 1985, the date when a deed conveying the property to Bendor was executed by the Elmore County probate judge. But Bendor submits that Jim Walter is bound by the one-year redemptive right set out in § 40-10-120; the one-year right, however, is an exception from the general three-year period for redemption in favor of a class:
“The provision relied upon is an exception from the general two year period [now three years] for redemption in favor of a class, and should be so construed as to effectuate its purpose, but not so as to unnecessarily modify or limit other related statutes embodying the scheme of tax sales and redemptions. No time is specified for the giving of such notice. Clearly it can be given immediately after the tax sale, in which event the one year provision would run concurrently with the two year limit.
[[Image here]]
“To give full effect to the extended right of redemption in favor of the mortgagee, we would not question that a purchaser at a foreclosure sale after the two year period had expired, no notice of the tax sale having been given, as required by § 3109 [the predecessor to § 40-10-Í20], would still be entitled to redeem.”
Alabama Mineral Land Co. v. McFry, 236 Ala. 632, 635-36, 184 So. 192 (1938).
Thus, the one-year provision in § 40-10-120 is not a statute of limitations that forecloses a mortgagee’s right to redeem within the three-year redemptive period. It is an exception to the three-year period that, in fact, allows a mortgagee to redeem within one year of receiving notice of the tax sale, in some instances even after the three-year period has run. The record reflects that Jim Walter filed its first complaint on January 21, 1987, and its second complaint on May 22, 1987; both complaints were filed within a three-year period after delivery of the tax deed on July 11, 1985. Consequently, the trial court did not misapply the three-year redemptive period in its judgment.
Bendor argues that Jim Walter failed to comply with § 40-10-122, by which the probate judge must require the deposit of a specific amount, including the amount of all taxes (state, city, and county) assessed to the purchaser and the amount of money for which the lands were sold (with interest thereon at the rate of six *164 percent per annum from the date of sale). In view of the difficulty in finding the tax sale purchaser in order to make him a tender of the redemption money, most statutes now provide for redemption by payment to the probate judge or some other designated public officer. The public policy benefit of § 40-10-122 relieves the owner desiring to redeem the property of the necessity of seeking out the purchaser or his assignee and of determining at his peril the true owner and holder of the tax title. See 72 Am.Jur.2d. State and Local Taxation § 991, at 273 (1974).
Redemption statutes, however, are to be construed most favorably to the re-demptioner. Reuter v. Mobile Bldg. & Constr. Trades Council, 274 Ala. 614, 150 So.2d 699 (1963). Thus, we are hesitant to disallow Jim Walter’s effort to redeem for failure to comply with § 40-10-122, when the trial court has explicitly made Jim Walter’s right of redemption contingent on compliance with § 40-10-122: “[Redemption is] to be conditional on a judgment entered in favor of the defendant ... and against the plaintiff in the amount of $344.26 plus 6% interest per annum; said judgment to constitute a lien on the above described property.” Further, we are equally hesitant to disallow the redemption for Jim Walter’s failure to “plead facts essential for redemption.” Both complaints filed in this consolidated case allege that Jim Walter had legal title to the property and that the defendants had unlawfully withheld and detained the property, and in both complaints Jim Walter demanded possession and damages.
Although Jim Walter failed to make allegations unique to an action for redemption, we cannot say, upon a review of the record, that the defendants were not given fair notice of the claim and the grounds upon which it rested. All pleadings are construed so as to do substantial justice, pursuant to Rule 8(f), A.R.Civ.P., and we do not hold Jim Walter’s failure to adhere to a technical form of pleading for redemption to be fatal to its attempt to redeem. In sum, the trial court correctly decided this matter in its judgment entered December 1, 1987, and, consequently, it erred in granting a new trial.[1]
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. Bendor alleged at trial that Jim Walter had previously sold the mortgage and thus had no right of redemption at the time it filed its complaints. This allegation, however, is not supported by the record.