RICHARD L. JONES, Retired Justice.
Doyle Rabren (a tax sale purchaser) appeals from a judgment granting Jan Elys Osmon (the owner at the time of the tax sale), the right to redeem a parcel of real estate under Alabama Code 1975, § 40-10-83. This appeal presents a single issue: whether the tax purchaser’s evidence of adverse possession for the statutory three-year period following the State’s issuance of the tax deed is so conclusive and of such weight as to mandate a judgment in favor of the purchaser. We answer this question in the negative, and we affirm the judgment.
The property in question consists of Lots 1 and 2, Terry Cove North Subdivision, Baldwin County, Alabama. According to Osmon, she was given the property by her father in 1975 or 1976, but the father continued to pay the taxes on the property, even after he had deeded it to Osmon. On April 12, 198Í, the property was sold for unpaid property taxes owed to the State of Alabama. The State sold the property on February 17, 1987, to Rabren.
After purchasing the property, Rabren obtained a default judgment against Os-mon, quieting title to the property in himself. On Osmon’s petition, this default judgment was set aside in 1991 because of Rabren’s failure to obtain service of process on Osmon. In Osmon’s petition to set aside the default judgment, she also sought the right to redeem the property. Rabren filed an affidavit stating that he had adversely possessed the property and setting out the nature of his claimed adverse possession; he contended that the elements of his claimed adverse possession were sufficient, under § 40-10-82, to cut off Osmon’s right to redeem. After an ore tenus bench trial, the judge granted Osmon the right to redeem the property. We affirm.
The right of the original owner to redeem property previously sold by the State for unpaid taxes is summarized in Hand v. Stanard, 392 So.2d 1157 (Ala.1980):
“We now turn to the issue of redemption. Ala. Code 1975, § 40-10-82, establishes a ‘short statute of limitations’ for tax deed cases. The ‘short period’ begins to run when the purchaser is entitled to demand a tax deed and is in adverse possession of the land. Grice v. Taylor, 273 Ala. 591, 143 So.2d 447 (1962).
“The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser. Tensaw Land and Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411 (1943); O’Connor v. Rabren, 373 So.2d 302 (Ala.1979).”
392 So.2d at 1160.
Thus, the constructive possession permissible to preserve in the original owner the right of redemption is of a different (or lower) quality than the elements of the adverse possession required of the tax sale purchaser.
“In order to establish adverse possession, as against the holder of the legal title, ‘the law is stringent in requiring clear proof of the requisite facts. There must be, first, an actual occupancy, clear, definite, positive, and notorious; second, it must be continued, adverse, and exclusive during the whole period described by the statute; third, it must be with an intention to claim title to the *392 land occupied.’ — 3 Washburn on Real Property (4th ed.) pp. 135, 136.”
McDaniel v. Sloss-Sheffield Steel & Iron Co., 152 Ala. 414, 417, 44 So. 705 (1907).
“Because adverse possession divests title from the record titleholder, a very strict burden of proof rests upon the party claiming title by it.”
Courtney v. Boykin, 356 So.2d 162, 165 (Ala.1978).
In support of his “great weight of the evidence” argument, Rabren, the tax sale purchaser, sets out a number of evi-dentiary “facts” that he claims conclusively establish his title to the property through adverse possession. However, only three of these “facts” tend to show any possesso-ry activity on the property. While the remaining “facts” may be admissible as evidencing some intent to claim the property and thus showing the totality of the circumstances regarding the tax sale purchaser’s relationship to the property, these “facts,” standing alone or in their cumulative effect, fall short of satisfying the elements of adverse possession. Indeed, all of these activities lack the continuity of physical use or contact with the property contemplated by the doctrine of adverse possession.
Rabren also contends that his “facts” indicating adverse possession are at least as strong as the facts in O’Connor v. Rabren, 373 So.2d 302 (Ala.1979), in which the Court affirmed a judgment in favor of the tax sale purchaser. We disagree. While both cases concern unimproved beach property, there are two material distinctions. In O’Connor the manifestations of possession were more directly related to the use of the land and were more continuous.
The trial judge, without a jury, heard the conflicting oral testimony of seven witnesses.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
We have carefully reviewed the record in this case, and we conclude that the judgment of the trial court is due to be affirmed. There is credible evidence to support the judgment, and we cannot say that it is plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from it.
This opinion was prepared by Retired Justice Richard L. Jones, sitting as a Justice of this Court pursuant to § 12 — 18— 10(e), Ala.Code 1975, and it is hereby adopted as the opinion of the Court.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
MADDOX, J., dissents.