The public policy of this State has been to favor an action by the original owner for redemption of land sold for taxes. "Redemption statutes . . . are to be construed most favorably to the redemptioner." Jim Walter Homes, Inc. v. Blake,544 So.2d 161 at 164 (Ala. 1989); Reuter v. Mobile Bldg. Constr.Trades Council, 274 Ala. 614, 150 So.2d 699 (1963).
This appeal is from a summary judgment, and the facts are not in dispute. The tax purchasers (the Daughertys) are not in possession of the land; the original owners (Rester and Southern Power) are. Rester and Southern Power's $ 200,000 building is on the land, and they retain constructive, if not actual, possession of the land. Rester and Southern Power sought to redeem the property under §§ 40-10-82 and -83. "'The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession.'" Rabren v. Osmon,613 So.2d 390, 391 (Ala. 1993), quoting Hand v. Stanard, 392 So.2d 1157,1160 (Ala. 1980); Gulf Land Co., Inc. v. Buzzelli,501 So.2d 1211, 1213 (Ala. 1987); Moorer v. Chastang, 247 Ala. 676,26 So.2d 75 (1946); Tensaw Land Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411 (1943); see also Karagan v. Bryant,516 So.2d 599, 600-01 (Ala. 1987) (noting that the rule of repose may bar a claim of redemption made more than 20 years after the tax sale). We have long held "that the statute of limitations applicable to otherwise-authorized suits for redemption, see Code 1975, § 40-10-120, [does] not apply to claims for redemption under this Code section [§ 40-10-83]." Karagan, supra, at 600; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202
(1930); Green v. Stephens, 198 Ala. 325, 73 So. 532 (1916).
Therefore, under § 40-10-82 and -83, there is no timelimitation on Rester and Southern Power's right to redeem theirproperty. The majority states in note 2, "The Daughertys do not dispute that Rester and Southern Power have a right to redeem; rather, they contend that their only right to redeem is under §40-10-83 and not §§ 40-10-120 and 40-10-122." 645 So.2d at 1362. As long as the owner retains possession of the land, there is no limit on when the owner may redeem the land.
Although the trial court correctly determined that Rester and Southern Power have a right to redeem their land, it erred in allowing redemption pursuant to §§ 40-10-120 and -122. Because Rester and Southern Power have retained possession of the property, their right to redeem was under §§ 40-10-82 and -83.
I concur in the order remanding the case to the trial court and would instruct that court to permit redemption by the landowners under §§ 40-10-82 and -83.