CRAWLEY, Judge.
In April 1997, Bruce A. Tabor, Rosemary A. Tabor, and David Walter (collectively “Tabor”) brought a quiet-title action regarding certain real property to which they claimed title based on their purchase at a tax sale and based on adverse possession. The Nature Conservancy answered, alleging that it holds title to the property and that Tabor’s tax deed is invalid; it filed a counterclaim, seeking to redeem the property from Tabor. Following a hearing, the trial court held that the Nature Conservancy holds title to the property and that it is entitled to redeem the property from Tabor.
Tabor appeals, arguing that the Nature Conservancy had no right to redeem the property. Tabor contends (1) that the Nature Conservancy did not redeem the property within three years of Tabor’s purchase at the tax sale, as required by Ala.Code 1975, § 40-10-120; and (2) that the deed under which the Nature Conservancy claims title is invalid.
The property at issue is known as “Rabbit Island.” It consists of 13 acres of coastal grasslands with stunted pine trees, and it cannot be developed. It is located off Ono Island in Orange Beach. The property was acquired by Lakeside, Ltd., in 1988. Lakeside developed a portion of Ono Island, but it never sought to develop this property. In 1993, a member of the board of trustees of the Nature Conservancy solicited Lakeside to deed the property to the Nature Conservancy as a gift. After negotiations with Lakeside, and inspections by other Nature Conservancy officers and State environmental officials, Lakeside deeded the property to the Nature Conservancy in November 1994.
Lakeside had failed to pay the ad valo-rem taxes on the property for 1989, and in June 1990 the State had purchased the property. In January 1994, the State sold the property to Tabor by a tax deed. Tabor paid the taxes on the property for 1995,1996, and 1997. The Nature Conservancy concedes that it was its own oversight that caused it not to learn of Tabor’s tax deed.
Tabor argues that the Nature Conservancy filed its claim to redeem the property too late. Ala.Code 1975, §§ 40-10-82 and -83 govern the redemption of property sold at a tax sale. Those two statutes have been interpreted as follows:
“Ala.Code 1975, § 40-10-82, establishes a ‘short statute of limitations’ for tax deed cases. The ‘short period’ begins to run when the purchaser is entitled to demand a tax deed and is in adverse possession of the land. Grice v. Taylor, 273 Ala. 591, 143 So.2d 447 (1962). The invalidity of the tax sale is immaterial if adverse possession is proved for the three-year period. Van Meter v. Grice, 380 So.2d 274 (Ala.1980)....
“The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser. Tensaw Land and Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411 (1943); O’Connor v. Rabren, 373 So.2d 302 (Ala.1979).”
Hand v. Stanard, 392 So.2d 1157, 1160 (Ala.1980).
In Hand, the supreme court concluded that the “short statute of limitations” of three years applied because the owner seeking redemption had not continued in *624 possession of the land. In this case, however, the trial court determined that the Nature Conservancy and its predecessor, Lakeside, had continued in possession of the property and thus concluded that the Nature Conservancy was entitled to redeem. We agree with that conclusion.
The trial court’s finding that the Nature Conservancy and its predecessor continued in possession of the land is based upon ore tenus evidence. The supreme court stated in Hand:
“The question of adverse possession is one properly determined by the trier of fact. When judgment is based on evidence [presented to] the trial court ore terms, it will not be set aside unless clearly erroneous or unsupported by credible evidence under any reasonable aspect of that evidence.”
392 So.2d at 1159 (citation omitted). The evidence in the record supports the trial court’s finding that the Nature Conservancy remained in possession of the property. Representatives of the Nature Conservancy regularly visited and inspected the property, and they testified that they saw no evidence of possession by Tabor. As stated in Hand, the acts necessary to establish possession of land need only be consistent with the condition of the land. 392 So.2d at 1160. In this case, it is undisputed that the property cannot be developed or improved. The Nature Conservancy’s possessory acts, such as regularly visiting and inspecting the property, are possessory acts consistent with the nature of this coastal-island property. There was evidence indicating that Tabor used the property on occasion. We find no abuse of discretion in the trial court’s resolution of the conflicting evidence.
Tabor next argues that the deed from Lakeside to the Nature Conservancy is invalid because, Tabor contends, no representative of Lakeside signed the deed. We disagree. Allen Cox, who is a representative of Ono North, Ltd., which is Lakeside’s general partner, signed the deed. No evidence was presented to indicate that Cox did not have authority to act on behalf of Ono North or Lakeside. Therefore, the deed has not been shown to be invalid.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MÓNROE, J., concurs in the result.